CITIZENS TRUST COMPANY v. SERVICE MOTOR CAR COMPANY.

(*Jackson*, April Term, 1926.)

Opinion filed October 22, 1926.

1. PLEADING AND PRACTICE.   Judgment non obstante veredicto.

A motion for a judgment non obstante veredicto is a test of pleadings, and is inapplicable when applied to a question of evidence. It cannot be substituted for directed verdict, when such should be asked; nor in lieu of motion for new trial, upon the ground that there was no evidence to support the verdict of the jury. (Post, p. 510.)

Citing: 33 Corpus Juris, 1181-1183; Neill v. Insurance Co., 135 Tenn., 33.

2. EQUITY.   Pleading and practice.   Case at law.

A cause in nature of a case at law instituted in the chancery court, must be dealt with as at law.   A motion for new trial when necessary is proper. (Post, p. 511.)

Citing: Shannon's Code, sec. 6286; Gibson's Suits in Chancery, sec. 536; Beatty v. Schenck, 127 Tenn., 65; McElya v. Hill, 105 Tenn., 319; Scruggs v. Heiskell, 95 Tenn., 457.

3. PLEADING AND PRACTICE AT LAW.   Motion for new trial.

A motion for a new trial is required in all cases except for error apparent upon the face of the record proper. (Post, p. 511.)

Citing: N. C. & St. L. Ry. v. Smith, 147 Tenn., 455; Railroad v. Johnson, 114 Tenn., 637.

FROM SHELBY.

Appeal from Chancery Court of Shelby County.— HON. D. W. DE HAVEN, Judge.

W. G. Cavett and H. S. Buchanan, for plaintiff.

W. P. Biggs, for defendant.

Mr. Justice McKinney delivered the opinion of the Court.

This is a suit to recover the value of one Chrysler automobile, which it was alleged was converted by the defendant.

On September the 24th, 1925, the Missouri-Arkansas Motor Company, doing business at Caruthersville, Missouri, for the purpose of securing a note of $3000, executed a chattel mortgage to the complainant, a banking corporation doing business at Caruthersville, Missouri, on four automobiles, including the one here involved. Said mortgage was duly recorded.

Subsequently, O. H. Andrews, the secretary and treasurer of the Missouri-Arkansas Motor Company, without the knowledge or consent of said company, or of the complainant, drove said car to Memphis, and sold or traded same to the defendant.

Upon learning this fact the complainant instituted this suit.

By way of defense it is set up in the answer that the Missouri-Arkansas Motor Company was engaged in the purchase and sale of automobiles as its regular business, and that it purchased said four cars, covered by said mortgage, for the purpose of sale; that it placed said cars in its sales room; that they were sold in the regular course of business; that it was, at least, impliedly understood and agreed between said company and complainant that the former was to sell said automobiles and ap-

ply the proceeds on said note; that said automobiles, under the authorities, are goods, wares and merchandise, and fall within the rule announced by this court in *Tennessee National Bank* v. *Ebbert & Co.*, 56 Tenn., 153, and *Morgan Bros.* v. *Dayton Iron & Coal Co.*, 134 Tenn., 228, to the effect that a mortgage on a stock of goods is void in Tennessee; that the defendant, having purchased said car in due course of business from a regular dealer in automobiles, and without actual notice of said mortgage, is an innocent purchaser, and that said mortgage is void as to it.

Upon the pleadings thus made up a jury was impaneled and eight issues of fact were presented to them for determination, all of which were answered favorably to the complainant.

Subsequent to the verdict of the jury the complainant entered a motion for a decree upon the verdict of the jury, and the defendant made a motion for a judgment *non obstante veredicto.*

No motion for a new trial was ever made.

The chancellor overruled the motion of the defendant and sustained the motion of complainant and entered a decree in its favor for the sum of $760, together with interest, being the value of the automobile as fixed by the verdict of the jury.

Upon appeal the decree of the chancellor was affirmed by the Court of Appeals, and the cause is before us upon petition for *certiorari.*

The pleadings raised controverted questions of fact, and the theory of the defendant was and is that all of the facts developed on the trial of the cause sustain its defense that said automobile was purchased by it in due

course of trade from a regular dealer in goods, wares and merchandise.

In our opinion, the defendant resorted to the wrong remedy in order to obtain the desired relief. If, after the evidence was introduced, there was no evidence to support the complainant's bill the defendant should have made a motion for a directed verdict, or, after the verdict was returned, it could have made a motion for a new trial upon the ground that there was no evidence to support the verdict of the jury.

In 33 Corpus Juris, 1181, it is said: "Defendant is entitled to a judgment *non obstante veredicto* where plaintiff's pleadings are insufficient to support a judgment in his favor, as where the declaration states no cause of action, or where plaintiff fails to reply to a good plea of new matter, but not where plaintiff's pleadings show a good cause of action in him, and avoid the defense pleaded."

And on page 1183 it is further said:

"A judgment *non obstante veredicto* must be granted, if at all, upon the record, and the evidence cannot be looked to in determining a motion for such judgment. Such a judgment cannot be rendered merely because the verdict is against the weight of the evidence, although there are intimation that such a judgment may be entered upon undisputed evidence or where the verdict is not sustained by any evidence whatever. The proper remedy for a wrong or mistaken verdict on the facts is by motion for a new trial, not by motion for a judgment *non obstante veredicto*."

In discussing the question of judgment *non obstante veredicto* this court in *Neill* v. *Insurance Co.*, 135 Tenn.,

33, said: "We have carefully examined all cases in Tennessee treating of such judgments, and have not found any where such a verdict was granted upon application of the defendant in cases at law."

The cause here under consideration is in the nature of a case at law, notwithstanding it was instituted in the chancery court, and, under the law in this State, must be dealt with as such. Shannon's Code, sec. 6286; Gibson's Suits in Chancery, sec. 536; *Beatty* v. *Schenck,* 127 Tenn., 65; *McElya* v. *Hill,* 105 Tenn., 319; *Scruggs* v. *Heiskell,* 95 Tenn., 457.

A motion for a new trial was necessary here if requisite in a court of law.

Counsel for the defendant insist that the court should not adhere to the old rule as to when a judgment *non obstante veredicto* will be granted, but should follow the more modern and liberal rule of allowing such a motion where there is no evidence to support the verdict.

The great weight of authorty still adheres to the original rule and treats a motion for a judgment *non obstante veredicto* as a test of pleadings, and holds that it is inapplicable when applied to a question of evidence.

We feel constrained to so limit it in view of another well-settled rule of procedure, which is set forth in *Nashville, C. & St. L. Ry. Co.* v. *Smith,* 147 Tenn., 455, as follows:

"The rule of practice announced by this court in its later decisions require a motion for a new trial in all cases except for errors apparent upon the face of the record proper."

On the next page this court approved the statement in *Railroad Co.* v. *Johnson,* 114 Tenn., 637, as follows:

"The reason why this court will consider errors which appear upon the face of the record proper, without a motion for a new trial, is that they do not directly affect the correctness of the verdict, and would not be cured by setting it aside."

Here the motion made by the defendant could not be based upon the pleadings, but the defendant has to resort to the evidence in order to sustain the defense interposed. Hence, under the decisions of this court, it was necessary that it enter a motion for a new trial and have same acted upon as a condition precedent to having its case reviewed by the appellate courts upon questions of fact.

Having failed to make a motion for a new trial, the Court of Appeals very properly affirmed the judgment of the trial court, and we must deny the petition for writ of *certiorari*.