ELVIRA BURTON *v.* DELAWARE POULTRY CO., a corporation of the State of Delaware.

(*August* 19, 1940.)

LAYTON, C. J., and SPEAKMAN, J., sitting.

*Tunnell* and *Tunnell* for plaintiff.

*William Prickett* for defendant.

Superior Court for Sussex County, No. 38, June Term, 1939.

SPEAKMAN, J., delivering the opinion of the Court:

In support of its motion for judgment non obstante veredicto the defendant's argument is directed exclusively to the contention that it appears from the evidence that the plaintiff was not entitled to recover.

In *Freeman on Judgments, 5th Ed., Sec.* 20, there appears the following comments concerning such a judgment, with numerous authorities cited in support thereof:

"It can be entered only on the application of the plaintiff, made after the verdict and before the entry of judgment thereon. The defendant was not, at the common law, entitled to this judgment under any circumstances. * * *.

"At common law the motion for judgment must be based entirely upon the pleadings the remedy for a failure or insufficiency of proof being a motion for a new trial; and in the absence of statute otherwise providing that is still generally the rule, particularly in the United States Courts, where, notwithstanding a contrary state practice, such judgments on the evidence are not permissible, in view of the controlling force of the seventh amendment to the federal constitution guaranteeing a jury trial."

See also *Woolley on Delaware Practice, Sec.* 760, in which Judge Woolley's statement on the rule is in harmony with the above.

The right to judgment non obstante veredicto because of failure of proof is considered in annotations in 12 *L. R. A.* (*N. S.*) 1021, and *L. R. A.* 1916*E*, 828. From the annotations it is apparent that in the absence of statute but few Courts have departed from the common law rule requiring the motion for judgment non obstante veredicto to

be based solely upon the pleadings. The uncertainty raised in the later annotation concerning the rule in Tennessee has been removed by *Citizens' Trust Co. v. Service Motor Car Co.,* (1927) 154 *Tenn.* 507, 297 *S. W.* 735, followed in *Lebanon & Nashville Turnpike Co. v. Creveling,* (1929) 159 *Tenn.* 147, 17 *S. W.* 2d 22, 65 *A. L. R.* 440, and *National L. & A. Ins. Co. v. American Trust Co.,* (1933) 17 *Tenn. App.* 516, 68 *S. W.* 2d 971, 985. Among other recent cases approving the common law rule are *Rospond v. Decker,* (1932) 109 *N. J. L.* 458, 162 *A.* 725; *Weis-Patterson Lumber Co. v. King,* (1937) 131 *Fla.* 342, 177 *So.* 313, and *Snyder v. Elkan,* (1938) 187 *Ga.* 164, 165, 199 *S. E.* 891.

 The right to a judgment non obstante veredicto, as it existed at common law, has not been extended or enlarged by any statute of this State, and we have not the power to modify or change this right, or any other right at the common law, beyond declaring or effectuating common law principles in the light of altered conditions. Even though we should assume that we had the authority, we can conceive of no good reason why we should depart from the established practice in this State. In all actions in this State, in which a trial by jury is guaranteed, any aggrieved party has the right after verdict to question the sufficiency of the evidence, as at the common law, either by a motion for a new trial or by writ of error, and this right has been consistently recognized in this State since Colonial times. We are of opinion that in this State a motion for judgment non obstante veredicto must be based solely on the pleadings.

In support of its motion for a new trial the defendant first urges that the amount of the verdict was excessive. It is not necessary for us to consider this reason, as will hereafter appear.

The second ground advanced is that the Court failed to charge on contributory negligence. In the case of *Poynter v. Townsend,* 3 *W. W. Harr.* (33 *Del.*) 51, 130 *A.* 678, with respect to the degree of care required by a gratuitous passenger in an automobile, this Court in its charge to the jury said:

"The passenger is required to exercise due care and caution as well as the driver. However, the passenger is not held to the care that is required of the operator. The passenger has the right to rely, to a great extent, on the prudence, care, and skillfulness of the operator. * * * If the passenger sees the danger in time to avoid the accident, it is his duty to warn the operator. Or, if the passenger is in such position in the car that he must have seen the danger if he had used his sense of sight, as an ordinarily prudent passenger in such position would have done, and the accident happens because of the passenger's failure to see and warn the operator of the danger he must have seen, he would be guilty of contributory negligence. But we instruct you that a passenger is not required to do anything more than an ordinarily prudent person in a similar position and relation, who is not the operator, would have done in a like situation."

And in subsequent cases involving the same principle, language substantially in accord with the above has been consistently used.

██ What constitutes a proper lookout depends of course upon the circumstances, and it is generally a jury question. But the circumstances may clearly justify a failure to keep a lookout, and they were so considered by the Court in this case when it was submitted to the jury. The charge of the Court was predicated on the assumption of counsel for both parties that the plaintiff was asleep at the time of the accident and the Court was of the opinion that sleep alone was not negligence in law. Counsel for the defendant moved for a non suit on the ground of contributory negligence, which was refused, and later asked the Court to charge on contributory negligence, which was also refused.

A review of the evidence fails, however, to show that

the plaintiff was asleep at the time of the accident. The assumption that she was asleep arose by reason of the following:

In direct examination with reference to the time of and immediately preceding the collision, the plaintiff was asked the question "Were you asleep?" to which she replied, "Well, I think I might have been." And on cross-examination her testimony is, in part, as follows:

"Q. Mrs. Burton, as I understand it, you don't remember anything about the facts just before the accident. A. No, I do not.

"Q. You don't remember whether you were awake or asleep, or what, do you? A. No, I do not. * * *

"Q. Are you sure you were awake right before the accident. A. No, I am not.

"Q. You don't know whether you were awake or asleep. A. No, I do not."

It has been said that:

"The extent to which one in the position of a guest should appreciate an impending peril, and act in relation thereto, depends upon the facts peculiar in each case. Unless these are manifest and the inferences to be drawn therefrom clear beyond peradventure, the issue involved must be submitted to the jury for determination." *Berry Law of Automobiles*, Sec. 5.167.

In the present case neither the Court nor counsel was at liberty to infer from the evidence that the plaintiff was asleep at the time of the accident. With sleep removed from the case, as of course it must be, the question of contributory negligence on the part of the plaintiff should have been submitted to the jury. Having arrived at this conclusion, it is not necessary to consider the other reasons for a new trial.

For the reasons above stated, the motion for judgment non obstante veredicto will be refused, and the rule for a new trial will be made absolute and a new trial will be ordered.