LULA YOUNG, Plaintiff in Error, v. ALBERT R. SPENCER, Defendant in Error. —312 S. W. (2d) 479.

Western Section, Jackson. November 1, 1957.

Certiorari denied by Supreme Court April 9, 1958.

84

Chiapella, Kirkpatrick, Rhodes & Watson, Memphis, for plaintiff in error.

Nelson, Norvell & Floyd and Grady Agee, Memphis, for defendant in error.

BEJACH, J. This cause involves an appeal in the nature of a writ of error by Lula Young, who was plaintiff in the lower court, from the verdict of a jury and judgment entered thereon in favor of the defendant, Albert R. Spencer. For convenience, the parties will be styled as in the lower court, plaintiff and defendant, or called by their respective names. The suit was originally filed by the plaintiff, Lula Young, against Philip H. Goldman, as well as against defendant, Albert R. Spencer. The trial in the lower court resulted in a verdict in favor of the plaintiff and against Philip H. Goldman for $7,500, but in favor of the defendant Albert R. Spencer. On motion for new trial made by the defendant Goldman, a remittitur in the sum of $3,750 was suggested, which remittitur has been accepted, and Goldman did not appeal. Plaintiff, however, moved for a new trial against defendant Albert R. Spencer, which motion for a new trial was overruled, and plaintiff has perfected her appeal in the nature of a writ of error to this Court.

Plaintiff, at that time a sixty-nine year old colored woman, was on the morning of September 25, 1956, standing at the southwest corner of Cleveland Street and Poplar Avenue in Memphis, Tennessee, awaiting an east bound street bus, she having transferred from a south bound bus on Cleveland Street. Her face was turned toward the west, from which direction the bus which she was expecting to catch would approach. While plaintiff was thus standing on the south side of Poplar

Avenue, about 14 feet west of the curb on the west side of Cleveland Street, and about 8 feet west of the corner of the building occupied by the Western Auto Stores, in front of which she was standing, a collision occurred between a Chevrolet sedan owned and driven by defendant Philip H. Goldman, and a Ford sedan owned and driven by the defendant Albert R. Spencer. Defendant Spencer was driving south on Cleveland, and defendant Goldman was driving west on Poplar. Both defendants were offered as witnesses in favor of the plaintiff.

According to the testimony of defendant Goldman, a Rabbi of a Jewish congregation in Memphis, Tennessee, the traffic light in the center of the intersection of Poplar Avenue and Cleveland Street turned amber as he approached the intersection; but he undertook to proceed on across. When he reached a point west of the center of the intersection, his automobile was struck near the front part of same by the automobile driven by defendant Spencer. Rabbi Goldman lost control of his automobile so that it swerved and mounted the curb on the south side of Poplar Avenue, where it struck the plaintiff and pinned her between the front end of the car and the north show window of the Western Auto Stores, breaking the glass of the show window. Plaintiff suffered serious but not permanent injuries, and was removed in an ambulance from the scene of the accident to the John Gaston Hospital.

According to the testimony of the defendant Spencer, the traffic light was red as he approached Poplar Avenue, and the engine of his car died as he brought same to a stop. When the traffic light turned green for him, he started his car again and drove southwardly on Cleve-

land. He testified that he looked both to the right and to the left before starting into the intersection, and saw no car which would interfere with his use of the intersection; but that when he looked again, he saw the automobile of Rabbi Goldman about 2 feet in front of him, whereupon he undertook to swerve to the right and applied his brakes. His automobile struck that of Rabbi Goldman, what he described as a "sort of sideswiping blow" which bent only the fender of the Spencer car. Both automobiles were proceeding at a speed of approximately 25 miles per hour.

Rabbi Goldman offered no testimony in addition to his own. As stated above, his testimony was given as a witness for the plaintiff. In addition to his own testimony, which was also given as a witness for plaintiff, defendant Spencer offered the testimony of Mr. Robert L. Allen. Mr. Allen testified that he was driving east on Poplar and that, seeing that the traffic light was about to turn red for him, he brought his car to a stop on the inside lane of the Poplar Ave. traffic, just west of Cleveland Street. He looked to the north and saw a truck, which was on the west or right hand side of the Spencer car, make a righthand turn from Cleveland Street into Poplar, headed west, and then saw a hubcap whirl by his car, and the automobile of Rabbi Goldman swing in front of his automobile. He did not see the collision, but heard the crash. He said the collision occurred in the center of the intersection, but west of the center line of Cleveland Street.

The trial judge's charge to the jury is not incorporated in the bill of exceptions, and we must therefore presume that the jury was correctly charged. In any

event, no error in the judge's charge is assigned. We do, however, have a part of the charge, given in retrospect by the learned trial judge in his opinion overruling the plaintiff's motion for a new trial. Said opinion is incorporated in the record of this cause, and is as follows:

"The Court: Let me have that 36 Tennessee Appeals a moment please?

"That statement that Mr. Chiapella read from this case of McLaughlin versus Broyles where the trial judge sees fit to approve a verdict without giving reasons upon motion for a new trial, his satisfaction therewith is adequately indicated, but, if he comments upon evidence, this court must determine whether or not the trial judge has passed upon the issues and whether he is satisfied or dissatisfied with the verdict.

"I just read that. It is the first time I ever noticed that in the books, as I recall. If I just say I make a certain decision, the Appellate Court does not determine whether I have passed upon the issues or whether I am satisfied with the verdict.

"When these cases are tried and jury cases, immediately when the jury comes in a trial court, I know I do begin casting around in my own mind to see the jury's errors, what I think of the verdict, and all those things.

"This office of thirteenth juror has never rested lightly on my shoulders and this case here, I have given a good deal of thought to since it was tried, as I do most all of these cases, or all of them, I should say.

"I have a diagram here, I have the evidence, I have the outline of my charge; I gave the rule where each driver has the right to rely on the fact that the other person will obey the law, the rule on combined negligence of two defendants, and all of the other things that were necessary, I thought in this case. Of course, the jury weighs the evidence under the law given them by the Court. The jury is to believe which one sounds more probable, and all the rules you gentlemen are familiar with. I try to do the same thing and weigh this evidence as it goes along.

"Now, of course, we know if the light was green for Mr. Spencer as he started up his car, it was red for Rabbi Goldman. That is the way those lights work. If Rabbi Goldman started or reached that intersection, as he stated in his evidence, he reached the crosswalk, I believe he stated just as the light turned amber and that he proceeded on through the intersection until he was struck.

"If that is true, of course, Mr. Spencer, started on the red light, because the other light does not turn red until the amber has finished its time on the cycle.

"From all the evidence in this case, I have gone over my notes here and been refreshed on the evidence of Mr. Spencer. By that, Mr. Chiapella, I have come to the conclusion that Rabbi Goldman entered that intersection on the red light and that Mr. Spencer started up just a little after it had turned green.

"Now in reference to Mr. Spencer not seeing the car of Rabbi Goldman, as I pointed out a moment

ago, I stated to the jury that each driver has the right to rely on the fact that the other driver is obeying the law or ordinance, common law, and using reasonable and ordinary care until he sees, or in the exercise of reasonable and ordinary care, should see, the other driver is not obeying the law, then it is the duty of each driver to use reasonable and ordinary care for his own safety and for the safety of others. I am sure that is what I told the jury, and I think under that charge and under the law that Mr. Spencer had the right to rely on the fact that he had not entered the intersection until the light turned green, and the other car was going 25 miles an hour, as I recall the testimony, and after Mr. Spencer looked up and saw the car coming in the crossing, he took his foot off the accelerator and put it on the brake. I think that is reasonable and ordinary care.

"I don't think you have to look back all the time. When you look back and see nobody right at the crossing and see nobody at the green light, that gives him a right to go on.

"The Court has weighed this evidence, and the verdict of the jury, in my opinion, should be approved; so the Court does approve the verdict of the jury and overrules the motion for a new trial."

As plaintiff in error in this Court, the plaintiff below has filed five assignments of error, which are as follows:

"I.

"The preponderance of the evidence is contrary to the verdict of the jury and the holding of the trial judge.

## "II.

"The Court erred in denying plaintiff's motion for judgment non obstante veredicto.

"This was error because plaintiff was entitled to a verdict against both defendants as a matter of law.

## "III.

"The Court erred in denying plaintiff's motion for a directed verdict incorporated in plaintiff's motion for a new trial.

"This was error because the Court on its own motion should have directed a verdict as to liability against both defendants, because both defendants were admittedly guilty of active negligence proximately causing plaintiff's injuries, to which all reasonable minds must agree under the facts of this case.

## "IV.

"The Court erred in denying plaintiff's motion for a new trial.

"This was error because the trial judge failed to pass upon the issues and the evidence or to exercise the function of the thirteenth juror.

## "V.

"The Trial Court erred in basing its order overruling plaintiff's motion for new trial on the following stated grounds:

" 'I don't think you have to look back all the time. When you look back and see nobody right at

the crossing and see nobody at the green light, that gives him a right to go on.'

"This was error because:

"1. The evidence conclusively showed that defendant Spencer either, did not look to the right nor left before starting up, or if defendant Spencer did look, he did not see what he should have seen and in either case, he is guilty of active negligence.

"2. The Court ignored the common law obligation of the defendant Spencer to look and to see what was plainly visible.

"3. The Court's expressed satisfaction of the jury verdict was based on an erroneous concept of the law, and on facts not within the evidence and conclusions not warranted by the evidence."

Assignment of error No. I, that, "The preponderance of the evidence is contrary to the verdict of the jury and the holding of the trial judge", is wholly without merit. The law is well settled in Tennessee, that, "In determining sufficiency of evidence to sustain verdict, the evidence must be accepted in the light most favorable to the party successful below." Fairbanks, Morse & Co. v. Gambill, 142 Tenn. 633, 222 S. W. 5; Smith v. Tate, 143 Tenn. 268, 227 S. W. 1026; Cincinnati, N. O. & T. P. R. Co. v. Denton, 24 Tenn. App. 81, 140 S. W. (2d) 796; D. M. Rose & Co. v. Snyder, 185 Tenn. 499-508, 206 S. W. (2d) 897. In other words, this Court is without authority to weigh the evidence. As was said by the Supreme Court in D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 508, 206 S. W. (2d) 897, 901:

"While these issues involve a review of the evidence, such review is not to determine where the truth lies or to find the facts, that not being our province in jury cases. It is only to determine whether there was any substantial evidence to support the verdict; and it must be governed by the rule, safeguarding the constitutional right of jury trial, which requires us to take the strongest legitimate view of all the evidence to uphold the verdict, to assume the truth of all that tends to support it, to discard all to the contrary, and to allow all reasonable inferences to sustain the verdict. Johnston v. Cincinnati, N. O. & T. P. R. Co., 146 Tenn. 135, 149, 240 S. W. 429; Finchem v. Oman, 18 Tenn. App. 40, 49, 50, 72 S. W. (2d) 564, 570."

█ In the instant case, it was the contention of each of the defendants that the negligence of the other was the sole proximate cause of the collision and the injuries to plaintiff resulting therefrom. From the evidence before it, the jury might properly have returned a verdict against either or both of the defendants. The verdict which the jury did return was in favor of the defendant Spencer and against Rabbi Goldman. It was also against the plaintiff, so far as the defendant Spencer is concerned. Assignment of error No. I is accordingly overruled.

█ Assignment of error No. II, that "The Court erred in denying plaintiff's motion for a judgment non obstante veredicto" is also without merit. A motion for a judgment non obstante veredicto is a test of pleadings, and is inapplicable when applied to a question of evidence. Citizens' Trust Co. v. Service Motor Car Co., 154

Tenn. 507, 297 S. W. 735; Dunn v. Moore, 22 Tenn. App. 412, 123 S. W. (2d) 1095; Buice v. Scruggs Equipment Co., 37 Tenn. App. 556, 267 S. W. (2d) 119; Caruthers History of a Lawsuit (7th Ed.) Sec. 391, pp. 425, 426; Higgins and Crownover's Tennessee Procedure, Secs. 1515, 1627.

As was said by Mr. Justice McKinney, speaking for the Supreme Court in Citizens' Trust Co. v. Service Motor Car Co., 154 Tenn. 507, 511, 297 S. W. 735, 736;

"Counsel for the defendant insist that the court should not adhere to the old rule as to when a judgment *non obstante veredicto* will be granted, but should follow the more modern and liberal rule of allowing such a motion where there is no evidence to support the verdict.

"The great weight of authority still adheres to the original rule and treats a motion for a judgment *non obstante veredicto* as a test of pleadings, and holds that it is inapplicable when applied to a question of evidence."

Assignment of error No. II is overruled.

By her assignment of error No. III, the plaintiff complains of the failure of the trial judge to give plaintiff's motion for a directed verdict incorporated in plaintiff's motion for a new trial, and asserts that the Court on its own motion should have directed a verdict of liability against both defendants. Nowhere in the record do we find a motion for a directed verdict made by or on behalf of the plaintiff,—not even in the plaintiff's motion for a new trial. There is in the motion for a new trial an

assignment that "There was no evidence to support the verdict"; so, we may treat plaintiff's assignment of error No. III as the equivalent of an assignment that there was no evidence to support the jury's verdict in favor of the defendant Spencer.

We know of no rule of law which requires that the trial judge should, on his own motion, grant a directed verdict in favor of the plaintiff, and certainly not when the plaintiff, herself, through her counsel trying the cause, did not see fit to make such motion. No authority for such proposition has been pointed out. In any event, since there was ample evidence to sustain a verdict either for or against defendant Spencer, a directed verdict would not have been authorized.

It may be that plaintiff was not even entitled to have her motion for a new trial considered by the trial judge; in which case, she would not be entitled to a review of her case in this Court. Citizens' Trust Co. v. Service Motor Car Co., 154 Tenn. 507, 511, 297 S. W. 735. The law is well settled in Tennessee that a motion for a new trial is waived when made subsequent to or at the same time with a motion in arrest of judgment. Snapp v. Moore, 2 Tenn. 236, 240-241; Freeman v. Illinois Cent. R. Co., 107 Tenn. 340, 64 S. W. 1; Wakefield v. Baxter, 41 Tenn. App. 592, 297 S. W. (2d) 97, 99-100. We have found no Tennessee case holding that the right to make a motion for a new trial is similarly waived by the making of a motion for judgment non obstante veredicto; but it seems to us that the reason assigned for enforcement of this rule is equally applicable where a motion for judgment non obstante veredicto has been made, rather than one in arrest of judgment. This reason, as

stated by Overton, J., in Snapp v. Moore, 2 Tenn. 236, 240-241, is as follows:

"In England, a new trial cannot be moved for after a motion in arrest of judgment. The reason is obvious; a motion in arrest of judgment supposes that there is not sufficient matter in the declaration to enable the court to give judgment for the plaintiff; and to permit an inquiry whether the evidence was sufficient to maintain action would be repugnant to the object of the motion in arrest of judgment; for if the declaration were insufficient, it were useless to examine the evidence; it would only serve to entangle the parties in a labyrinth of difficulties contrary to that simplicity and certainty in which the law delights. In England, a party is presumed to move in arrest of judgment after a motion for a new trial has been overruled; but this is done in banc; and he is not permitted to have recourse to both methods at once."

In the recent case of Wakefield v. Baxter, 41 Tenn. App. 592, 297 S. W. (2d) 97, decided by the Court of Appeals (Middle Section), June 29, 1956, with certiorari denied by the Supreme Court, December 7, 1956, the opinion of the Court of Appeals, written by Shriver, J., applies this rule and quotes with approval the same language from Snapp v. Moore which we have quoted above. Judge Shriver's opinion also quotes in support of this proposition from Higgins and Crownover's Edition of Tennessee Procedure in Law Cases, Section 1628, and from Caruthers History of a Lawsuit, 7th Edition (Gilreath) Section 426.

On this subject Volume 39, American Jurisprudence—New Trial—Section 15, page 40, says:

"The right to a new trial may be waived or lost by the seeking of some remedy inconsistent with the assertion of a right to new trial as by filing of a motion for judgment on the verdict. However, a party does not waive his right to apply for a new trial by moving for a judgment on special findings. Whether the right to move for a new trial is waived by a motion for judgment notwithstanding the verdict—judgment non obstante veredicto—is a question upon which the authorities are somewhat divided. In many states the rule is that the making of such motion is not a waiver of the right to move for a new trial, provided the motion for new trial is made within the time prescribed by statute. In other jurisdictions, however, when one moves for judgment notwithstanding the verdict and rests upon that motion alone, he cannot upon appeal be awarded a new trial but is deemed to have waived all errors that would have been grounds for a new trial only."

We deem it unnecessary to decide this question in the instant case. Even if plaintiff's assignment of error No. III be treated as an assignment of error to the effect that there is no evidence to sustain the verdict of the jury in favor of the defendant Spencer, and properly before this Court for consideration, we find no merit in such assignment of error. What we have said in disposing of assignment of error No. I, above, is equally applicable to this assignment of error, and conclusively demonstrates the lack of merit in same. If

the jury believed the testimony of defendant Spencer, and disbelieved the testimony of defendant Goldman, both of whom were offered as witnesses for the plaintiff, and apparently that is the view of the situation which the jury did in fact take, then there was ample evidence to justify the verdict of the jury in favor of defendant Spencer. Assignment of error No. III is, accordingly, overruled.

Assignment of error No. IV complains of the action of the trial judge in overruling plaintiff's motion for a new trial, and asserts that this was error because the judge failed to pass on the issues and the evidence, or to exercise his function as a thirteenth juror. The plaintiff's counsel cites and relies on the case of McLaughlin v. Broyles, 36 Tenn. App. 391, 396, 255 S. W. (2d) 1020, 1022. The language used by the trial judge which was held in that case to show affirmatively that he did not exercise the independent judgment required of him as a thirteenth juror, and which justified a reversal by the Court of Appeals on that ground, was:

"In these cases where the evidence is in sharp conflict the Court does not feel that he has a right to interfere with the verdict of the jury, and overrules the motions."

In the case of McLaughlin v. Broyles, however, although it was held that the language quoted above required a reversal of that cause; nevertheless, elsewhere in the Court's opinion, written for the Court of Appeals (Eastern Section), by Howard, J., it is said:

"Where the trial judge sees fit to approve a verdict without reasons, his satisfaction therewith is

adequately indicated; but, if he comments thereupon, this court must determine whether or not he passed upon the issues and was satisfied or dissatisfied with the verdict.''

In the case of Gordon's Transports, Inc., v. Bailey, 41 Tenn. App. 365, 294 S. W. (2d) 313, 320-321, in disposing of an assignment of error which raised this same question, this Court said:

''The second question, which is presented by defendant's assignment of error number six, is whether or not this cause should be reversed because of the failure on the part of the trial judge, in passing on defendant's motion for a new trial, to exercise his function as the thirteenth juror. The case of McLaughlin v. Broyles, 36 Tenn. App. 391, 255 S. W. (2d) 1020, 1023, is relied on in support of this assignment of error. In that case, it affirmatively appears that the trial judge had failed to weigh the evidence and exercise his function as a thirteenth juror. The language of the decision expressly authorizes a trial judge to overrule a motion for new trial without comment, in which case, it is said the presumption will be that he did weigh the evidence and exercise his function as the thirteenth juror. In the instant case, there is no affirmative showing that the trial judge failed to weigh the evidence. Assignment of error number six is, accordingly, overruled.''

In the instant case, not only does the record fail to show affirmatively that the trial judge did not weigh the evidence and exercise his function as the thirteenth juror; but, on the contrary, it does affirmatively disclose

fully and unequivocally that the trial judge did appreciate his duties and responsibilities as the thirteenth juror, and that he did, in that capacity, approve the jury's verdict. We have heretofore quoted the entire opinion of the learned trial judge which he delivered at the time of overruling plaintiff's motion for a new trial in this cause; but, for added emphasis, we will quote again several excerpts from same, as follows:

"This office of thirteenth juror has never rested lightly on my shoulders, and this case here, I have given a good deal of thought to since it was tried, as I do to most all of these cases, or all of them, I should say.

\* \* \* \* \* \*

"From all of the evidence in this case, I have gone over my notes here and been refreshed on the evidence of Mr. Spencer. By that, Mr. Chiapella, I have come to the conclusion that Rabbi Goldman entered that intersection on the red light and that Mr. Spencer started up jut a little after it had turned green.

\* \* \* \* \* \*

"The Court has weighed this evidence, and the verdict of the jury, in my opinion, should be approved; so the Court does approve the verdict of the jury and overrules the motion for a new trial."

Able counsel for plaintiff in the instant case cites and relies on the case of Spence v. Carne, 40 Tenn. App. 580, 292 S. W. (2d) 438, 452, as authority for his contention that even though defendant Spencer may have entered the

intersection on the green light, he was not relieved from the obligation "of being on the alert". This Court did so rule in that case, affirming a jury verdict which had been rendered in the lower court. The same ruling would have been adhered to in the instant case, if the jury had returned a verdict against defendant Spencer; and, as stated above, the evidence before the jury would have warranted such verdict. Unfortunately, from the standpoint of plaintiff, as appellant in this Court, however, the jury's verdict was in favor of defendant Spencer and, so far as plaintiff's claim against Spencer is concerned, against plaintiff. In disposing of plaintiff's appeal, we must adopt the view most favorable to the party successful below. Fairbanks, Morse & Co. v. Gambill, 142 Tenn. 633, 222 S. W. 5; Smith v. Tate, 143 Tenn. 268, 227 S. W. 1026; Cincinnati, N. O. & T. P. R. Co. v. Denton, 24 Tenn. App. 81, 140 S. W. (2d) 796.

Assignment of error No. IV is, accordingly, overruled.

Assignment of error No. V asserts that "the trial court erred in basing its order overruling plaintiff's motion for a new trial on the following stated grounds: 'I don't think you have to look back all the time. When you look back and see nobody right at the crossing and see nobody at the green light, that gives him a right to go on.' "

We think it is clear that the learned trial judge, in using the expression "look back", meant that it was not necessary for defendant Spencer to have looked back again to his left, having previously looked in that direction before entering the intersection on the green light. In making the statement complained of, he was explaining his action as a thirteenth juror, and justifying his

approval in that capacity, of the verdict which the jury had returned. This view of the situation is demonstrated by reading, in connection with the language complained of, the statement of the trial judge immediately preceding same, which is, as follows:

"Now, in reference to Mr. Spencer not seeing the car of Rabbi Goldman, as I pointed out a moment ago, I stated to the jury that each driver has the right to rely on the fact that the other driver is obeying the law or ordinance, common law, and using reasonable and ordinary care until he sees, or in the exercise of reasonable and ordinary care, should see, the other driver is not obeying the law, then it is the duty of each driver to use reasonable and ordinary care for his own safety and for the safety of others. I am sure that is what I told the jury, and I think under that charge and under the law that Mr. Spencer had the right to rely on the fact that he had not entered the intersection until the light turned green, and the other car was going 25 miles an hour, as I recall the testimony, and after Mr. Spencer looked up and saw the car coming in the crossing, he took his foot off the accelerator and put it on the brake. I think that is reasonable and ordinary care."

██ In ruling on the action of a trial judge, acting as a thirteenth juror reviewing the evidence in a cause before him and approving the verdict which has been returned, the same law applies as is applicable to ruling on the verdict which is returned by twelve men and women, and we must take the view of the evidence which is most favorable to the party who was successful in the

lower court. What we have said above, in overruling assignment of error No. IV, is also applicable to assignment of error No. V, which is likewise overruled.

All of the assignments of error filed by plaintiff in error in this Court are overruled and the judgment of the lower court will be affirmed.

The costs of the appeal will be adjudged against the plaintiff in error, Lula Young.

Avery, P. J. (Western Section) and Carney, J., concur.