MRS. JOTHEL H. LUCKEY and JOE LUCKEY, JR., Plaintiffs in Error, v. PAUL W. GOWAN and LANDON GRAVES, Defendants in Error.—330 S. W. (2d) 45.

No. 1, Gibson Law.

Western Section. June 24, 1959.

Certiorari Denied by Supreme Court December 11, 1959.

394

Lloyd S. Adams, Jr., of Adams & Adams, Humboldt, for plaintiffs in error.

James D. Senter, Jr., Humboldt, for defendants in error.

BEJACH, J. This cause involves appeals by Mr. and Mrs. Joe Luckey, Jr., from a jury verdict and judgment based thereon dismissing their suits against Paul W.

Gowan and Landon Graves. The separate suits of Mrs. Jothel H. Luckey and Joe Luckey, Jr., her husband, which suits were consolidated and tried together, grew out of an automobile accident which occurred April 8, 1957, on the Humboldt-Medina Road which is an 18 foot wide, black-topped road in Gibson County, Tennessee. On that date, at approximately 9:30 o'clock A. M., Mrs. Luckey was driving eastwardly in a Plymouth automobile, returning to her home which is about one-half mile east of the point of the accident. At the same time, Mr. Paul W. Gowan, one of the partners of Gowan and Graves Motor Company, was driving westwardly in a Chevrolet automobile which belonged to his firm. Mr. Gowan, according to his testimony, was driving at a speed of about 50 to 55 miles per hour. Mrs. Luckey was driving at a speed of about 25 to 30 miles per hour. The road at that point was downhill for Mr. Gowan and uphill for Mrs. Luckey. At the bottom of the hill there is a sharp curve toward the north, which for Mrs. Luckey was a lefthand turn and for Mr. Gowan a righthand turn. About 250 feet from the bottom of the hill, an old Plymouth automobile was parked partly on and partly off the highway on the north side of same, about one-half of its width, or about three feet one inch being on the highway, and the other one-half, about three feet one inch, being off the highway. According to Mr. Gowan's testimony, as he came over the hill, when he was about 500 feet east of the parked car, he saw the parked car; and when he was about 400 feet from same, he realized that it was stationary. When he was about 200 feet from the parked car, and up to which time he had seen no car approaching, he pulled toward the center of the highway to pass the parked automobile. When he had reached a

point about 150 feet from the parked car, he saw Mrs. Luckey's car approaching around the curve at a point some 250 feet west of the parked car; whereupon, he applied his brakes, which reduced his speed and produced skid marks on the pavement. When he was about 30 or 40 feet from the parked car, he decided it would be better to try to pass the parked car before the approaching car reached it; whereupon, he released his brakes and accelerated his speed. He drove as close to the parked car as was practicable, about 6 inches from same, and according to his testimony, with all three automobiles still on the paved surface of the highway, the rear end of his car, the front end of the parked car, and the front end of Mrs. Luckey's car were about on line as he passed the parked automobile. Neither the automobile of Mr. Gowan nor that of Mrs. Luckey touched each other or the parked car.

It was Mrs. Luckey's theory that she was forced off the highway onto the shoulder of same by reason of Mr. Gowan's car being in the middle of the highway and partially onto the left side of same, with the result that her car ran into the ditch causing property damage to the car and personal injuries to her. The physical facts, however, do not bear out her theory. According to the testimony of State Highway Patrolman Guy Piercey, who was introduced as a witness by plaintiffs, the Luckey car first went onto the shoulder of the highway at a point 33 feet east of the east end of the parked car, and went off the shoulder into the ditch at a point 78 feet east of the parked car. Mrs. Luckey, herself, admitted that she made no effort to stop her car or reduce the speed of same. She relied on the doctrine of sudden emergency, as did also the defendant Gowan, and the

trial judge charged the jury that that doctrine was applicable to either or both of them, provided the one relying on same was not responsible for creating the emergency. We think he charged correctly with reference to same.

The jury found in favor of the defendants. The trial judge approved the verdict and entered an order dismissing the suits of both Mr. and Mrs. Luckey. From that judgment they have appealed in error to this court, where they have filed eight assignments of error.

Assignment No. 1 is that there is no material evidence to support the verdict of the jury. Assignments 2, 3, and 4 complain of refusal of the trial judge to give in charge to the jury special requests tendered by the plaintiffs. Assignments 5, 6, and 7 complain of the judge's charge as actually given. Assignment No. 8 complains of the admission in evidence of testimony of defendant Graves about an experiment at the scene of the accident made by him subsequent to the accident.

In our opinion, it is not necessary to discuss the several assignments separately and in detail.

It is our opinion that the determinative issues in this law suit were and are questions of fact which were settled by the jury's verdict. At the outset, appellants are confronted by the well settled rule of law, that, In determining sufficiency of evidence to sustain verdict the evidence must be accepted in the light most favorable to the party successful below. Fairbanks, Morse & Co. v. Gambill, 142 Tenn. 633, 222 S. W. 5; Smith v. Tate, 143 Tenn. 268, 227 S. W. 1026; Cincinnati, N. O. & T. P. R. Co. v. Denton, 24 Tenn. App. 81, 140 S. W. (2d) 796; D. M. Rose & Co. v. Snyder, 185 Tenn. 499, 508, 206 S. W. (2d) 897; Young v. Spencer, 44 Tenn. App. 83, 312 S. W.

(2d) 479; Benson v. Fowler, 43 Tenn. App. 147, 306 S. W. (2d) 49; Callahan v. Town of Middleton, 41 Tenn. App. 21, 292 S. W. (2d) 501, 504.

 Appellants' assignment of error No. 1 that "There is no material evidence to support the verdict of the jury" is, in our opinion, the same, in effect, as contending that the trial judge should have granted a peremptory instruction in favor of the plaintiffs. Aside from the fact that no such motion was made, we think this contention is wholly without merit. As was said by this court in Young v. Spencer, 44 Tenn. App. 83, 312 S. W. (2d) 479, 484:

> "We know of no rule of law which requires that a trial judge should, on his own motion, grant a directed verdict in favor of the plaintiff, and certainly not when the plaintiff, herself, through her counsel trying the cause, did not see fit to make such motion. No authority for such proposition has been pointed out."

 On the evidence in the record before us, it is our opinion that the jury might properly have returned a verdict in favor of either the plaintiffs or the defendants; which, after approval of same by the trial judge, would have been binding on this court. The jury did return a verdict in favor of the defendants which was approved by the trial judge; and that verdict is conclusive of the case, so far as this court is concerned.

The case which, on its facts, is most nearly like the case at bar, so far as we have been able to find, is Carney v. Goodman, 38 Tenn. App. 55, 270 S. W. (2d) 572, 575, which was decided by the Middle Section of the Court of Appeals in April 1954, with certiorari denied by the

Supreme Court September 6, 1954. The facts of that case were as follows: A Plymouth automobile owned by Mrs. Della Stamper was parked on the east side of the Nolensville road about 6 miles south of Nashville. The Nolensville road was 18 feet wide with gravel shoulders on each side. Mrs. Stamper's automobile was parked at an angle with part of it on the highway, the left rear part of same being 5 feet on the highway and the left front about 2 feet on same. About 40 feet south of where this car was parked, there was a crest or rise in the road, but the car was visible for a distance of over 300 feet, the direction from which two other cars involved in the suit approached. One of these was an International truck owned by Warren Brothers Road Company, but being driven by the defendant Goodman northwardly towards Nashville. The other vehicle, also northbound, was a truck owned by the Ormes Roofing Company driven by its employee Ed Atkinson, in which truck the plaintiff Louis Carney was riding. This truck was also hauling a large kettle, in front of which Carney was seated in the bed of the truck. The Ormes truck was following about 150 feet behind the Warren Brothers truck, with both trucks traveling about 30 to 35 miles per hour in the east or northbound traffic lane. As they approached the point where the Plymouth car was parked, with its rear end extending into the paved surface of the highway, the Warren Brothers truck stopped suddenly, but without coming into contact with the Stamper car. There was a stream of southbound traffic which prevented either the Warren Brothers truck or the Ormes truck from turning to the left. When the driver of the Ormes truck saw that the Warren Brothers truck had stopped, it was 50 to 75 feet ahead of him. Unable to turn to his left because of

the southbound traffic, he tried to stop, jammed on his brakes, and skidded into the rear end of the Warren Brothers truck. The kettle in the Ormes truck was thrown forward against Carney, severely injuring him. Suit was brought by Carney against Goodman, the driver of the Warren Brothers truck, and also against Warren Brothers Road Company and Mrs. Della Stamper, owner of the parked Plymouth automobile. In the lower court, at close of the plaintiff's evidence, the trial judge sustained motions for directed verdicts in favor of all of the defendants and dismissed the suit. Plaintiff, Carney, appealed. On appeal, the Court of Appeals (Middle Section) affirmed the trial judge's ruling as to defendants Goodman and Warren Brothers Road Company, but reversed and remanded as to Mrs. Stamper, the owner of the parked automobile, holding that it was a question of fact for the jury to determine as to whether Mrs. Stamper's negligence in leaving the automobile parked on the highway was the proximate cause of the injuries to plaintiff. From the opinion of the Court of Appeals by Felts, P. J. (M.S.), we quote as follows:

"Mrs. Stamper's negligence in blocking the highway was a substantial factor in causing plaintiff's damage. Indeed it was the most important factor, for it really put the others into operation. It need not have been the whole cause or the only factor. It was enough that her negligence was a substantial factor in causing plaintiff's injury. Waller v. Skeleton, 31 Tenn. App. 103, 115, 212 S. W. (2d) 690, and authorities there cited.

"Nor does it matter that between her negligence and plaintiff's injuries there intervened the conduct

of the first truck driver, which was not negligent, and the conduct of the second truck driver, which was negligent but not imputable to plaintiff. A defendant whose negligence was a legal cause of plaintiff's injuries will not be relieved from liability merely because the negligence of another contributed to such injuries. The joint and several liability of joint tort feasors rests on the idea that two or more causes may be charged with a single result. Prosser on Torts, 324; Morris v. Bolling, 31 Tenn. App. 577, 585, 218 S. W. (2d) 754; Payne v. Woodard, 190 Tenn. 32, 38, 227 S. W. (2d) 47.

"Nor was her negligence, as a legal or proximate cause of the plaintiff's injuries, superseded by the intervening acts of the two truck drivers. Such acts were within the range of the risk created by her negligence, were reasonably foreseeable as a likely result thereof, and were not new, independent, or superseding causes; for her negligence was continuous and operative up to the instant of the collision, or so the jury might have found."

Applying the reasoning of the court in Carney v. Goodman to the facts of the instant case, we think the jury might properly have found that the owner of the old Plymouth automobile parked partially in the highway, if he had been joined as a defendant in the instant case, as was the owner of the parked car in the Carney case, was solely responsible for the injuries to Mrs. Luckey, or jointly responsible, along with defendant, Gowan; assuming, of course, that her own contributory negligence did not bar her right of recovery. We cannot tell, from the record before us, whether the jury's verdict in favor

of the defendants sued was based on a finding of fact that defendant Gowan was wholly free from negligence or on a finding of fact that Mrs. Luckey's cause of action was barred by her own contributory negligence. It is immaterial which view the jury took of the case. Either view is conclusive in favor of the defendants in the instant case; and, since the owner of the parked automobile was not joined as a defendant, we cannot remand the cause for trial against him, as did the Court of Appeals (Middle Section) in the Carney case. In our opinion, the jury's verdict in the instant case is wholly in accord with the reasoning of the Court of Appeals (Middle Section) in the case of Carney v. Goodman, and amply sustained by the evidence introduced. Assignment of error No. 1 is accordingly overruled.

██ Assignments of error 2, 3, and 4 complain of the refusal of the trial judge to give special requests presented by plaintiffs. In our opinion, these assignments of error must be overruled, both because the judge's charge, as given, was sufficient to cover the matters contained in the special requests refused, and also because of the rule that a trial judge cannot be put in error for refusing a special request not covered by the general charge, unless it is completely and technically accurate. See Atlantic Ice & Coal Co. v. Cameron, 19 Tenn. App. 675, 94 S. W. (2d) 72; Llewellyn v. City of Knoxville, 33 Tenn. App. 632, 232 S. W. (2) 568; Richards v. Parks, 19 Tenn. App. 615, 93 S. W. (2d) 639; and Roddy Mfg. Co. v. Dixon, 21 Tenn. App. 81, 105 S. W. (2d) 513. In any event, we think the situation would be covered by the harmless error statute, Section 27-117, T. C. A.

█ Assignments of error 5, 6, and 7 complain of the judge's charge as given, both because of meagerness and also because of the charge that with reference to the plea of contributory negligence, the burden of proof was on the plaintiffs. We find no merit in either of these assignments. We think the charge was ample and correct. So far as these assignments complain of meagerness in the charge, they must be overruled because of the plaintiff's failure to submit special requests which would have supplied the alleged omissions. Management Services, Inc. v. Hellman, 40 Tenn. App. 127, 289 S. W. (2d) 711; Brakebill & Hamilton v. South Knoxville Contracting & Const. Co., 14 Tenn. App. 531.

█ Assignment of error No. 8 complains of the action of the trial judge in admitting in evidence testimony about experiments performed at the scene of the accident, subsequent to same, by defendant Graves with an automobile of approximately the same size and weight as that driven by plaintiff, Mrs. Luckey. We think, on the authority of Byers v. Nashville, C. & St. L. R. Co., 94 Tenn. 345, 29 S. W. 128, and Fisher v. Travelers' Ins. Co., 124 Tenn. 450, 138 S. W. 316, the admission in evidence of testimony about these experiments was entirely proper. The fact that the automobile used by defendant Graves in his experiment was not identical with the one driven by Mrs. Luckey at the time of the accident, but was only approximately of the same size and weight as that driven by Mrs. Luckey at the time of the accident, was, in our opinion, a matter which was properly within the discretion of the trial judge, as to admission in evidence of the testimony about said experiment. Louisville & N. R. Co. v. Johnson, 7 Tenn. Civ. A. 458.

All of the plaintiffs' assignments of error will be over-ruled and the judgment of the lower court affirmed. The costs of the cause will be adjudged against the plaintiffs, Mrs. Jothel H. Luckey and Joe Luckey, Jr., her husband, and their sureties on the appeal bond.

Avery, P. J. (Western Section), and Carney, J., concur.