AKRON McGEE JENKINS, b/n/f TYRIE JENKINS
v. ARTHUR PERRY.

TYRIE JENKINS and wife MARTHA LEE JENKINS
v. ARTHUR PERRY.—376 S. W. (2d) 726.

Middle Section. July 26, 1963.

Certiorari Denied by Supreme Court January 8, 1964.

Looby & Williams, Nashville, for plaintiff in error.

Glasgow & Adams, Nashville, for defendant in error.

SHRIVER, J. As stated by counsel for plaintiff in error in his brief and argument these two cases were actions for damages filed by Akron McGee Jenkins, a two year old child, by his parents, Tyrie and Martha Jenkins, for personal injuries, and by said parents for medical and hospital bills, loss of time and earnings, arising from the child being struck by an automobile

driven by the defendant, Arthur Perry. The cases involve the same facts and were tried together in the Court below resulting in a verdict and judgment in favor of the defendant.

The plaintiff's declaration alleges that the minor plaintiff was crossing Jo Johnson Street from South to North in an unmarked cross-walk at the intersection of Jo Johnson and 16th Avenue North when he was struck by the defendant's car. It alleges common law negligence and a violation of certain State and Statutes and City Ordinances relating to the right-of-way of pedestrians in cross-walks and the exercise of due care and proper precaution when observing a child on the road-way.

A plea of not guilty was filed in both cases.

As is pointed out in the reply brief and argument of counsel for defendant, plaintiffs' proof consisted of the testimony of five witnesses none of whom saw the accident.

Martha Lee Jenkins, mother of the plaintiff, was visiting at 1611 Jo Johnson Street which is on the South side of said street, while the minor plaintiff was playing outside. The child disappeared from her view and when she saw it again it had been struck by a car and was lying in the street. She saw the car that had struck the child and later saw the police officer who investigated the accident. This is about all that she knew except that she testified as to the child's injuries.

Tyrie Jenkins, the father of the plaintiff, did not witness the accident and knew no significant facts with respect thereto.

Emma Davis, who lived near the intersection of 16th and Jo Johnson, testified as to the place where the child was struck. She did not witness the accident but heard the screeching of the brakes and ran out to see the child's body lying in the street somewhere near the white line in the middle of the street and at a point not far from the intersection.

Monroe Grigsley was called as a witness but none of his testimony was material.

Andrew W. Fearns, grandfather of the child was sitting on his porch but did not see the accident. He saw the child lying in the street near the intersection of 16th and Jo Johnson. He heard the policeman ask defendant if he had good brakes and defendant answered that he had. He said the policeman then got in the car and drove it and put on the brakes and afterwards told the defendant to go on to the hospital but to have the brakes adjusted. The witness rode to the hospital with defendant in his car.

Defendant, Arthur Perry, testified that he was accustomed to driving along Jo Johnson Street on his way home and at the time of the accident was going about 15 or 20 miles an hour, having slowed down at 16th. He testified that he noticed a small boy and a tall one standing on the sidewalk near the scene of the accident and, at the time his car passed them, they were still standing there. When he was about 60 feet down from 16th and thought he had passed these two children on the sidewalk, he heard something hit his car and he pulled over and stopped very near the South intersection of 16th and Jo Johnson.

He testified that his brakes were not bad and that the minor plaintiff was about two feet from the white line in the middle of the street after the accident. He also testified that he stopped within about 10 or 15 feet after he heard something strike the car.

Milton Burks, who was riding in the car with the defendant at the time, estimated that it was about 125 feet from the northerly intersection to the southerly intersection of 16th and Jo Johnson. He said he saw several children, including the minor plaintiff, standing on the northerly side-walk of Jo Johnson about 60 feet from the North intersection of 16th Avenue and that the car in which he was riding was going about 15 miles an hour. He testified that, as the car passed the children on the side-walk, he looked to his left and then he felt a bump and, looking back, he saw the minor plaintiff lying in the street and that the defendant stopped in 16 or 17 feet. He testified that it felt like something brushed against the side of the car and that after the accident the minor plaintiff was lying in the street behind defendant's car about 4 feet from the curb.

The evidence of Jessie Lee Coleman, who was riding in the car with the defendant on the front seat, substantially corroborates defendant and Milton Burke in their versions of the accident.

—Assignments of Error—

The first assignment is that there is no evidence to support the verdict.

■ As has been held in numerous cases, in considering a jury verdict on appeal, it is our duty to take the strongest legitimate view of the evidence in favor of the suc-

cessful party and discard all countervailing evidence. Tallent v. Fox, 24 Tenn. App. 96, 141 S. W. (2d) 485.

From the above recitation of the evidence it is plain to see that there was evidence upon which the jury reasonably could have found as it did. Therefore, this assignment of error is overruled.

The second assignment is that the trial court erred in refusing to allow counsel for plaintiffs to state in the presence of the jury the reasons for not calling the witness James A. Singleton, a City Traffic Officer, as a witness for plaintiff, and to tender said witness to the defendant in the presence of the jury; and in, thereafter permitting counsel for the defendant to make an improper and prejudicial argument to the jury in his summation, which argument is set-out in the assignment.

We have read this assignment and the statement of counsel and, when taken in context with what occurred at the trial, we are unable to say that the trial Judge committed reversible error in the action he took.

It is also complained that although the trial Judge stated at the time the objection to the argument was made that he would charge the jury properly, when the time came he failed to charge the jury to disregard the argument of defendant's counsel.

It should be pointed out that the trial Judge has considerable discretion in a matter of this kind and that the Appellate Courts will not review such action except for palpable abuse of this discretion. Crews v. Gould, 6 Tenn. Civ. App. 620. And if the trial Judge failed to instruct the jury on such a point it was the duty of counsel to call this to his attention by special

request. Crews v. Gould, supra. Error cannot be predicated on the failure of the Court to give an instruction which was not asked for. Bridges v. Vick, 21 Tenn. 516; Womac v. Casteel, 200 Tenn. 588, 292 S. W. (2d) 782 and Howell v. Accident & Cas. Ins. Co., 32 Tenn. App. 83, 221 S. W. (2d) 901.

Assignment No. 2 is overruled.

Assignment No. 3, is that the trial Court erred in refusing to instruct the jury on the subject of punitive damages as alleged in the declaration.

▬ We think this assignment is not good for several reasons. In the first place, it does not appear that counsel for plaintiff made a formal request by submitting a special request in writing. The Trial Judge cannot be put in error for refusing a special request not covered by the general charge unless it is completely and technically accurate. Luckey v. Gowan, 46 Tenn. App. 392, 330 S. W. (2d) 45; Richards v. Parks, 19 Tenn. App. 615, 93 S. W. (2d) 639 and cases cited therein with approval. In the second place, we think the evidence in this case is not such as to require submission to the jury of the question of punitive damages. Walgreen Co. v. Walton, 16 Tenn. App. 213, 64 S. W. (2d) 44.

For the above reasons the assignments are overruled and the judgment of the trial Court affirmed.

Humphreys and Chattin, JJ., concur.

Affirmed.