Tommy SAFFLES, Plaintiff/Appellee,

v.

**HARVEY MOTOR COMPANY,
Defendant/Appellant.**

Court of Appeals of Tennessee,
Western Section, at Knoxville.

May 12, 1989.

Application for Permission to Appeal
Denied Oct. 30, 1989.

Clifford E. Wilson, Madisonville, for
plaintiff/appellee.

J. Lewis Kinnard, Madisonville, for defendant/appellant.

CHARLES E. NEARN, Special Judge
(Retired).

The suit was between the mechanic, Harvey Motor Company, and the owner, Tommy Saffles, over the costs of repair of the Saffles' motor vehicle. The issues were tried before a jury which returned a verdict in favor of the owner. The mechanic appeals.

The appellant's motion for a new trial was as follows:

> Comes the Defendant and Counter–Plaintiff, Harvey Motor Company, Inc., by and through its attorney, J. Lewis Kinnard, and moves the Court that the judgment heretofore entered by [sic] altered or amended under the provisions of Tennessee Rules of Civil Procedure, Rule 59, and that a judgment be granted in accordance with the proof, or in the alternative that a new trial be granted as the verdict of the jury and the judgment of the Court is [sic] contrary to the law.

Appellant states the issue on appeal as follows:

> That the Trial Judge erred in sustaining the verdict of the jury and should have under the proof allowed a new trial or should have amended the judgment to have allowed the Plaintiff a recovery at least on the theory of quantum meruit.

Rule 3(e) TRAP provides:

> [I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Rule 13(d) TRAP in part provides: "Findings of fact by a jury in civil actions shall be set aside only if there is no material evidence to support the verdict."

Viewing the motion for a new trial most charitably, we conclude that "a judgment be granted in accordance with the proof" in

this case means that there was no evidence presented to the jury from which it could have found for the owner and against the mechanic. Accordingly, if such be true, then the mechanic would have been entitled to a directed verdict; provided he had moved for same.

In a jury case, we have no idea of the meaning of a complaint that "the judgment of the Court is contrary to the law."

In order to attempt to find a compliance with Rule 3(e) TRAP in the issue stated for review by appellant, we conclude that it means that there was no evidence to support the verdict, and that the trial judge should have directed a verdict for the mechanic on the theory of *quantum meruit.*

In *State v. McKinney*, 603 S.W.2d 755 (Tenn.Cr.App.1980), the Court stated:

> In a motion for a new trial, the grounds relied upon must be specified with reasonable certainty for several reasons: (1) to advise the trial court and opposing counsel of the error or irregularity relied upon and (2) to advise the appellate courts that the trial court was made aware of the alleged error and was given an opportunity to consider and pass on it. *Id.* at 760.

The trial rules, specifically 50.01 and 50.02, expressly provide for the making of a motion for a directed verdict and a review by the trial judge of his action thereon by complaint in a motion for new trial. By such motions the alleged error is specifically called to the attention of the trial judge, and his action on the motions may be then considered by this Court.

■ Whether or not there is any evidence to sustain a verdict is a question of law; not fact. *Kroger Co. v. Giem*, 215 Tenn. 459, 387 S.W.2d 620, 624 (1964); *Hime v. Sullivan*, 188 Tenn. 605, 221 S.W.2d 893, 895 (1949); *Graham v. First American National Bank*, 594 S.W.2d 723, 725 (Tenn.App.1979). Rule 13(a) TRAP provides any question of law may be brought to this Court "[e]xcept as otherwise provided in Rule 3(e)...." As previously noted, Rule 3(e) TRAP provides before a review can be had in this Court of alleged errors in a jury trial which would

warrant a new trial, such error must specifically be called to the attention of the trial court in the motion for a new trial. It is only by stretching the meaning of the motion for new trial to its utmost elasticity do we consider it to state that there was no evidence to support the verdict. However, the purpose of a motion for a new trial is to correct errors of the Court made during the trial. This case was submitted to the jury without any motion for a directed verdict having been made by anyone Since no motion for a directed verdict was made during the trial, and consequently no ruling made thereon, it could not be considered by the trial judge under Rule 50.02 T.R.C.P. Accordingly, we will not consider it. *See Mason v. Tennessee Farmers Mutual Insurance Co.*, 640 S.W.2d 561, 563–64 (Tenn. App.1982).

■ As to the issue of *"quantum meruit"* raised on appeal by appellant, we cannot consider same to have been raised in the motion for a new trial. If we stretched the contents of the motion for a new trial beyond all reasonable limits and did so considering the issue as specifically contained in the motion for a new trial, an examination of the record reveals such issue to be entirely frivolous. The amount of the bill of the mechanic was $2,706.87. The mechanic sued for $2,706.87. Counsel for the mechanic in his argument to the jury stated, "[t]he figure that's sued for here is $2706.86" and "We believe that under the proof, ladies and gentlemen, that you can fairly return a verdict for Mr. Harvey in the amount of $2706.86." Nowhere in the argument is it revealed that the mechanic asked for anything less than $2,706.86. Nowhere to be found are the words *"quantum meruit"* or any words of similar meaning in appellant's argument to the jury. The record does not reveal that counsel for the mechanic at any time requested the court to direct a verdict on such theory in the mechanic's favor or requested the court to charge on the doctrine of *quantum meruit* or instructed the jury that it must find for the mechanic in some amount. However, the words *quantum meruit* are found in the record. They are

found in counsel's for the owner's argument. ·Counsel stated:

> I don't know what the court's going to charge you as far as the—here is a theory called Quantum meruit. They're [sic] not sued for that in this case. I don't know if the court will charge it or not. That is to say, if you don't have a meeting of the minds and there never was a contract, the parties never reached an agreement on the same subject matter, some instances like that, there's a theory called Quantum meruit where the plaintiff can recover the increased value of the vehicle.

Then counsel went on to argue why the mechanic would not be entitled to any sum under that theory. The trial judge did not charge *quantum meruit eo nomine* but did charge on the theory of unjust enrichment to the effect that the jury could find for the mechanic for the fair reasonable value of the services even if there was no contractual meeting of the minds between the parties, if the facts fairly warranted such a recovery.

After the charge was given, both counsel were afforded the opportunity to offer additional requests to charge, but both declined.

Under these facts, the main thrust of the mechanic's appeal is that he is entitled to a judgment by law in some amount under the theory of *quantum meruit.* This is insisted even though the mechanic (a) did not sue for such an award, (b) never requested the court to instruct on the theory, (c) never asked the jury to give such award, and on motion for new trial did not ask for a new trial on such theory.

Counsel for the owner, in his brief to this Court, has hit the nail squarely on the head when he states:

> It is clear that counsel for the Appellant is attempting to treat this as a de novo appeal from a trial conducted by the court without the intervention of a jury. However, no authority is cited for the proposition that this Court has the power to set aside a jury verdict and to enter a judgment in favor of the Appellant in the case at bar. The Appellant is attempting to use RULE 59.04, Tennessee Rules of Civil Procedure, as a means to circumvent the constitutional right of trial by jury which is clearly evident from the conclusion of the Appellant's Brief and the relief sought therein.

We affirm the judgment below, we declare this appeal to be frivolous and remand this matter to the trial court for the fixing of damages pursuant to TCA § 27–1–122.

On appeal, counsel for the owner complains of certain costs assessed against the owner relative to preparation of the appellate record. In view of the fact that we have declared the appeal frivolous and the owner entitled to recover appellate expenses, we think that issue most probably moot. If not rendered moot by that ruling, we believe it is moot under 40(c) T.R.A.P., which provides for recovery of transcript costs by the prevailing party on appeal.

Costs of appeal are adjudged against appellant and surety.

CRAWFORD and FARMER, JJ., concur.