IN THE TENNESSEE COURT OF APPEALS
WESTERN SECTION AT JACKSON

_____

GLORIA JEAN WOOLFORK                    Madison Circuit No. C-92-120
                                        C.A. No.  02A01-9411-CV-00266

        Plaintiff/Appellee,

vs.                                     Hon. Whit LaFon, Judge

HAMPTON INNS, INC., and
PHILLIP H. MCNEILL and
R. BRAD MARTIN, d/b/a
JACKSON INNS, LTD.,

        Defendants/Appellants.

JAY DEGROOT and PATRICK N. PARKER, Garrety & Sanders, Jackson,
Attorneys for Plaintiff/Appellee

JAMES A. HOPPER, Hopper, & Plunk, Savannah,
Attorney for Defendants/Appellants

*REVERSED AND REMANDED*

Opinion Filed:

_____

_____

**TOMLIN, Sr. J.**


        Gloria Jean Woolfork ("plaintiff") filed suit in the Circuit Court of Madison
County against Phillip H. McNeil and R. Brad Martin, d/b/a Jackson Inns, Ltd.,[1] seeking
damages for her personal injuries allegedly caused by defendant's  negligence.   The case
was tried before a jury, which returned a verdict in favor of plaintiff.   Although
defendants have raised several issues on appeal, the pivotal issue in this case is whether
the trial court properly performed his function as a thirteenth juror in denying defendants'
motion for a new trial.   After reviewing this record, we are of the opinion that he did not,
and we reverse and remand this case for a new trial.


        Plaintiff was injured while attending a meeting of her employer, being held in a
meeting room in defendant's hotel in Jackson.   During the meeting, a large picture

_____

[1]The trial court granted summary judgment in favor of defendant Hampton Inns, Inc.

1

allegedly fell from the wall and struck plaintiff in the base of the neck, causing her injuries and pain. Following a jury trial, a verdict was entered in plaintiff's favor in the amount of $100,000.00. Defendant filed a motion for a new trial, contending that the evidence preponderated against the verdict and that there was no material evidence to support the verdict. Defendant asked for a new trial or in the alternative a remittitur. The trial court denied defendants' motion for a new trial, but granted a remittitur of $50,000.00.

As previously noted, the issue as to whether not the trial court properly assumed his duties as the thirteenth juror is dispositive of this case. The obligation of a trial judge to act as a thirteenth juror in a civil trial in this state is well established. Our supreme court in <u>Cumberland Telephone & Telegraph Co. v. Smithwick</u>, 79 S.W. 803 (Tenn. 1904) stated the rule as follows:

> The rule in civil cases is that, if the circuit judge is dissatisfied with the verdict of the jury, it is his duty to set it aside and grant a new trial, and that upon its being made to appear to this court, from statements made by the circuit judge in passing upon the motion for a new trial, that he was really not satisfied with the verdict, it becomes the duty of this court, when it has acquired jurisdiction of the cause, to do what the circuit judge should have done; that is, to grant a new trial on the ground of the dissatisfaction of that judicial officer with the verdict.
>
> . . . .
>
> The reasons given for the rule are, in substance, that the circuit judge hears the testimony, just as the jury does, sees the witnesses, and observes their demeanor upon the witness stand; that, by his training and experience in the weighing of testimony, and the application of legal rules thereto, he is especially qualified for the correction of any errors into which the jury by inexperience may have fallen, whereby they have failed, in their verdict, to reach the justice and right of the case, under the testimony and the charge of the court; that, in our system, this is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence, and, if he is dissatisfied with the verdict of the jury, he should set it aside.

<u>Id.</u> at 804 (citations omitted).

If the trial judge, when called upon to act as a thirteenth juror following the filing

2

of a motion for a new trial, simply approves a verdict without any comment, it is presumed by an appellate court that he has performed his function adequately. Holden v. Rannick, 682 S.W.2d 903, 905 (Tenn. 1984); Central Truckaway System, Inc. v. Waltner, 253 S.W.2d 985, 991 (Tenn. App. 1952).

In the event that the trial court does state his reasons, an appellate court is to examine them only for the purpose of determining whether the trial court properly reviewed the evidence, and was satisfied or dissatisfied with the verdict. Smithwick, 79 S.W. at 805. However, if in discharging his duty as thirteenth juror, the trial judge makes comments which indicate that he has misconceived his duty or clearly has not followed it, this court must reverse and remand the case for a new trial. See Nashville, C. & St. L.R.R. v. Neely, 52 S.W. 167, 168 (Tenn. 1899); Holden, 682 S.W.2d at 905.

It now becomes our responsibility to examine the comments made by the trial judge when he overruled defendants' motion for a new trial in light of the rule and the manner in which it is applied. The following is the relevant portion of the exchange between the court and counsel for defendant at the hearing for defendant's motion for a new trial:

> MR. HOPPER: Yes, sir, we're of course approaching The Court as the 13th juror under the liability as well as the damages and in the alternative we are asking for a remittitur. What occurred in this particular incident was Ms. Woolfork was working for Tennalum, which had some kind of program where they would go out and kind of fire up their employees the way I took it, but anyway, they met for the first time at the Hampton Inn, meeting room 106.
>
> THE COURT: Mr. Hopper, let me say this. The court is satisfied with everything except the amount of the judgment.
>
> MR. HOPPER: Does Your Honor not want to weigh the evidence of the liability?
>
> THE COURT: I've gone over it myself as to what took place in my notes, and I'm satisfied with it. Now, I'm going to let you go over it if you want to. Just go ahead, but I'm saying to you now that the thing that concerns me is the amount of the judgment and not the judgment itself.
>
> MR. HOPPER: You're not considering this morning to weigh the evidence on the liability.
>
> THE COURT: Sure I am weighing it, but I'm telling you that I've been off

3

now two or three months, and this is one of the last cases I've had, and I've had the file and I have looked at it any number of times and have gone over in my head as to what the proof is, and in my own personal mind, the jury was—the jury returned a verdict that the proof will sustain.

Now, I'm going to let you go ahead, and you may can bring something else up, but I'm just telling you that's the position I'm in. I haven't forgotten about it since I heard it, and I was here and listened to it and I listened to the judgment.

What I normally do is when a jury comes in that I then go back right then, myself, and make some notes and try to make a decision then whether I think the verdict will stand and the various aspects of the case. I do that, and I did that here in this case. Now, I'm telling you that The Court, unless you can change it, and of course, I'll consider anything and I don't know what you want to say, but I'm telling you that The Court, unless you have some additional proof or not additional proof, but something I don't remember, then I'm telling you that I'm satisfied with everything except the size of the judgment itself.

. . . .

THE COURT: Let me ask you this. Do you have any question in your mind but what it fell?

MR. HOPPER: No question about it. It got on the floor, but I don't know whether it fell or not Your Honor. If you ask me my own personal view, which doesn't amount to a hill of beans, I think they broke the picture pulling it off.

THE COURT: So, this whole thing is just a made-up scheme?

MR. HOPPER: Yes, sir, because you can't get around the fact that exhibit two weights [sic] anywhere from 25 to 30 pounds and it's so bulky, there's no way that that picture could fall unless it was—do you recall the man that installed it was irked.

THE COURT: <u>Well, we have proof here that it fell, and we have 12 jurors that found that it fell and injured her. That's what we've got in this case.</u> We have proof that these witnesses say or some of the witnesses are saying that it fell, and it's not a question of it's one or ten, but we have witnesses to prove—that say that the picture fell. She did, for example, which the jury can consider it, against 50 people, and that it fell and that it hit her. <u>That's the proof that was introduced here. Now, if you don't believe it, I'm sorry, but apparently the jury did.</u>

MR. HOPPER: Well, let me throw this ace in the hole then. Do you remember Mr. Monty Todd, and he was standing there watching it and supposedly Mrs. Woolfork said that she said, "Watch out," but he testified that he never did see the picture strike the plaintiff. He said it vividly, "I never saw the picture strike her." Then—

THE COURT: Just a minute, as I understand the law, the jury then could find that it didn't strike her because—if they want to, but they found that it struck her.

MR. HOPPER: But, if Your Honor please, I'm trying to convince Your Honor, I don't care about the jury, you are the 13th juror.

THE COURT: I'm already convinced from what proof was heard. I'm going to listen to you now and I'm going to let you try to unconvinced me.

As I understand the function of the Judge as the 13th lawyer—13th juror, it's not his own opinion, it's a question of whether there's any reasonable amount of proof there that can sustain the verdict.

MR. HOPPER: If Your Honor please, I hate to beg to differ with you, but my interpretation of the 13th juror, the Judge, and this is my only chance and you've got to weigh the evidence, forget what the jury came back with, just put that completely out of the way. Your Honor don't agree with that?

THE COURT: I don't necessarily disagree, but now as I understand the law, the jurors are the ones who determine the facts.

MR. HOPPER: But, so is Your Honor now as the 13th juror.

THE COURT: All right, I'm considering it.

. . . .

THE COURT: I agree with you that it raises the question of fact. Now, the jury itself found that fact in favor of the plaintiff.

MR. HOPPER: I'm asking Your Honor to consider for the defendant. Am I taking it that Your Honor is saying that if the jury thinks that way, that's it. If so, otherwise I'll go on to something else.

THE COURT: I understand what we do have—when you tell a juror that you determine what the facts are.

MR. HOPPER: Well, I'm saying that Your Honor is saying to me that it's the jury who determines the facts and that's fine with Your Honor?

THE COURT: What I'm saying to you, Mr. Hopper, is that based on the entire case, The Court is of the opinion that this woman and with the finding of the jury, The Court is of the opinion that this woman is entitled to some judgment.

MR. HOPPER: Based upon the jury's—

THE COURT: No, partially based on that because it's my duty to consider their decisions and it was their opinion that this woman was injured from that picture and apparently that's what they said; so, The Court is of the opinion that they were correct in that, and that the woman is entitled to some judgment, as the 13th juror or whatever.

MR. HOPPER: Well, I'm just trying to—Your Honor knows that on appeal on any jury verdict, you have got a material evidence rule, and this is the only place that a party to a lawsuit can get an independent judgment of the facts regardless of the jury verdict. And, Your Honor should just cast out what the jury came back with, I think, to hear my argument or determine my argument or make a conclusion. Just what Your Honor would do if you were on the jury with those facts and that credibility and that physical evidence.

THE COURT: I don't really understand and I'm talking too much, but I really don't understand that that's the law, but the point about it is, is what the—the Judge is supposed to give due consideration as to what the jury finds the facts to be, and then make a decision based on that and everything else in the case and make a determination.
Based on the jury verdict, based on the proof I heard, it's The Court's

opinion that the woman is entitled to some judgment.

MR. HOPPER: I take it Your Honor is basing it on what they ruled?

THE COURT: No, based on everything that took place.

We now undertake to compare the trial judge's statements in the case at bar with the statements made by trial judges in other reported decisions in which it was held that the judge misconceived his duty as thirteenth juror and deferred to the jury. The first of these cases is Nashville, C. & St. L.R.R. v. Neely, 52 S.W. 167 (Tenn. 1899), which was a suit for personal injuries sustained by the plaintiff as he disembarked from one of the defendant's passenger trains. The jury returned a verdict in favor of the plaintiff for $7,500, which plaintiff remitted by $5,500, leaving a verdict of $2,000. Defendant made a motion for new trial, which was denied, and appealed. In overruling the motion for a new trial, the court stated that the "facts in the case were considerably mixed, but that it was a rule of his to rarely invade the province of the jury in setting aside their verdicts, if there were any substantial facts to support the same." Id. at 168. The supreme court reversed, stating that the statements of the trial court showed his misconception of the functions of the court and jury and gave unwarranted weight to the verdict.

In McLaughlin v. Broyles, 255 S.W.2d 1020 (Tenn. App. 1952), the plaintiffs brought suit for injuries sustained in an automobile accident. The jury returned a verdict in favor of the defendant. In overruling plaintiffs' motion for a new trial, the court stated as follows:

> In these cases where the evidence is in sharp conflict the Court does not feel that he has a right to interfere with the verdict of the jury, and overrules the motions.

Id. at 1022. Because it affirmatively appeared that the trial judge did not weigh the evidence, this court reversed and remanded the case for a new trial.

6

The comments of the trial judge in this case, when considered as a whole, indicate that he misconceived his duty as the thirteenth juror. At one point, the trial judge stated, "[a]s I understand the function of the judge as the . . . 13th juror, it's not his own opinion, it's a question of whether there's any reasonable amount of proof there that can sustain the verdict." This statement is inconsistent with the judge's duty as the thirteenth juror to independently weigh the evidence and pass upon the issues.

Again, the trial court made the following seemingly, harmless but unfortunate, remarks:

> I don't really understand and I'm talking too much, but I really don't understand that that's the law, but the point about it is, is what the— the Judge is supposed to give due consideration as to what the jury finds the facts to be, and then make a decision based on that and everything else in the case and made a determination.
>
> Based on the jury verdict, based on the proof I heard, it's the Court's opinion that the woman is entitled to some judgment.

To this court it appears that these remarks of the trial judge noted above show that he was being deferential to the jury's deliberation and their resulting verdict. In <u>Miller v. Doe</u>, 873 S.W.2d 346 (Tenn. App. 1993), this court had before it a case strikingly similar to the case here under consideration. The conclusion we made in <u>Miller</u> is applicable here:

> There is nothing in this record to indicate that the trial court approved the verdict for the reason that he had independently weighed the evidence, had passed on the issues presented to the jury, and reached the same verdict as the jury did.

<u>Id.</u> at 349.

Reconciling apparently contradicting testimony and evaluating the witnesses' credibility in the first instance are the jury's responsibilities. <u>See Grissom v. Metropolitan Gov't of Nashville</u>, 817 S.W.2d 679, 683 (Tenn. App. 1991). The trial court must also

perform this task when a motion for a new trial requires them to review the evidence as the ?thirteenth juror." <u>Davis v. Mitchell</u>, 178 S.W.2d 889, 898 (Tenn. App. 1944). It is apparent to this court from all the remarks made by the trial court, particularly the two comments quoted again for emphasis, that the trial court did not fully understand nor did he carry out his duty as the thirteenth juror to independently review the evidence.

The trial judge's role as the thirteenth juror is a ?safeguard . . . against the miscarriage of justice by the jury." <u>State v. Moats</u>, 906 S.W.2d 431, 434 (Tenn. 1995). Based upon the seriousness of the trial court's failure to properly exercise that duty, our supreme court in <u>Moats</u> reaffirmed the rule that a new trial must be granted upon such circumstances rather than remanding the case and giving the trial court the opportunity to perform its duty as a thirteenth juror. <u>Id.</u> at 435-36. This case must be remanded for a new trial. To avoid the recurrence of a retrial under such circumstances, we strongly suggest where a trial judge overrules a motion for a new trial that he simply state that he has reviewed the evidence relevant to the issue and approves the verdict. Anything more unnecessarily runs the risk of an unwanted new trial.

We find unpersuasive plaintiff's contention that because defendants did not enter a motion for a directed verdict at the close of all the proof, this court cannot consider defendants' motion for a new trial. Plaintiff's reliance upon <u>Grissom v. Metropolitan Gov't of Nashville</u>, 817 S.W.2d 679 (Tenn. App. 1991) and <u>Saffles v. Harvey Motor Co.</u>, 780 S.W.2d 727, 728 (Tenn. App. 1989) is misplaced. In <u>Grissom</u>, the court reaffirmed the rule that only parties who have moved for a directed verdict at the close of all the proof may seek a motion for a judgment notwithstanding the verdict. 817 S.W.2d at 683; <u>see</u> T.R.C.P. 50.02.

In <u>Saffles</u>, this court decided the case on the basis of T.R.A.P. 3(e), which reads in pertinent part:

[I]n all cases tried by a jury, no issue presented for review shall be

predicated upon error in the admission or exclusion of evidence, jury instructions granted or refused, misconduct of jurors, parties or counsel, or other action committed or occurring during the trial of the case, or other ground upon which a new trial is sought, unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived.

Defendant argued in support for his motion for a new trial that "the judgment of the Court is contrary to the law." In order to give defendant the benefit of the doubt this court interpreted defendant's issue to mean that there was no evidence to support the verdict. Because defendant had not made a motion for a directed verdict at trial, based upon this interpretation the trial court had never been given the opportunity to consider the issue. Under the language of T.R.A.P. 3(e), this court felt that it could not consider this issue on appeal.

In the case under consideration, defendant contended in support of his new trial motion that there was no material evidence to support the verdict and called upon the trial judge to weigh the evidence. This is a different ground as dealt with in Saffles, and furthermore the alleged error was called to the attention of the trial court. This issue is without merit.

Accordingly, the judgment of the trial court is reversed and the case is remanded to the Circuit Court of Madison County for a new trial. Costs on this appeal are taxed to plaintiff, for which execution may issue if necessary.

_____
                                        TOMLIN, Sr. J.

9

_____
CRAWFORD, J.                    (CONCURS)


_____
FARMER, J.                      (CONCURS)