## SEARCY v. SIMMONS.—250 S. W. (2d) 109.

Middle Section.   November 30, 1951.

Rehearing denied January 18, 1952.

Petition for Certiorari denied by Supreme Court, June 7, 1952.

Claude Callicott, of Nashville, for plaintiff in error.

Rutherford, Branstetter & Folk, of Nashville, for defendant in error.

HOWELL, J. In this case the plaintiff, Wesley Simmons, sued his brother-in-law, Cecil Searcy and wife Fairrell Searcy, for the balance alleged to be due him upon the purchase of an automobile from plaintiff by the defendants. The contract was not in writing and the controversy arose as to what the purchase price of the car was. It was contended by the plaintiff that Searcy, the defendant, was to pay him the amount he had paid on the car (about $665.00) and was to assume the balance owing by Simmons. It was contended by the defendant Searcy that he was only to pay the balance owing by Simmons upon his purchase price of the car.

The case was tried before the trial Judge and a jury and there was a verdict of the jury in favor of plaintiff, Wesley Simmons, and against the defendant, Cecil Searcy, for $665 and the costs and the case was dismissed as to Mrs. Fairrell Searcy.

The defendant Cecil Searcy has by proper procedure perfected an appeal in error to this Court and has assigned error.

The first three assignments of error are based upon statements and comments made by the trial Judge during the trial of the case and pages of the bill of exceptions are copied into the assignments setting out just what occurred.

We have carefully read and reread the transcript containing the comments and remarks of the trial Judge and have considered the arguments of counsel.

The question presented by the assignments is, under the Code Sections 10653 and 10654, whether or not there were errors committed which affected the merits of the controversy and whether the record shows affirmatively that such was the case.

These Sections of the Code are as follows:

"10653  *  *  *  Reversal upon merits.—No judgment, decision, or decree of the inferior court shall be reversed in the appellate courts, unless for errors which affect the merits of the judgment, decision, or decree complained of."

. "10654  *  *  *  No reversal or new trial for errors not affecting the results of the trial.—No verdict of judgment shall be set aside or new trial granted by any appellate court, in any civil or criminal cause, on the ground of error in the charge of the judge to the jury, or on account of the improper admission or rejection of evidence, or for error in acting on any pleading, demurrer, or indictment, or for any error in any procedure in the cause, unless in the opinion of the appellate court to which application is made, after an examination of the entire record in the cause, it shall affirmatively appear that the error complained of has affected the results of the trial."

■ Previous to the passage of these Code Sections the rule was that if improper remarks or discussions appeared the presumption was that the jury was influenced or affected thereby. Under the practice since 1911 there must be an affirmative appearance that the error affected the result of the trial. See Thomason v. Trentham, 178 Tenn. 37, 154 S. W. (2d) 792, 138 A. L. R. 461. Probabilities and tendencies of errors in the trial court are not to be considered grounds for reversal.

■ We find nothing in this record which affirmatively shows that the jury was affected or influenced by any remarks or comments by the Court upon its rulings upon exceptions to testimony. It appears from the record that the Court attempted to keep extraneous matters and incompetent testimony out of the record.

In the case of Tiffany v. Shipley, 25 Tenn. App. 539, 161 S. W. (2d) 373, 376, this Court in passing upon an assignment based upon the conduct of the trial Judge said:

"It is well settled that this court cannot reverse for error unless it affirmatively appears from the record that the error was prejudicial and affected the result of the trial. Charles Thomason v. Calvin Trentham, Adm'r, 178 Tenn. [37] 154 S. W. (2d) 792, 138 A. L. R. 461."

We cannot presume that the defendant was adversely affected by the conduct of the trial Judge.

In Gibson's Suits in Chancery, a note under Section 1140 is as follows:

"Courts are not mere arenas for the display of skill in juridical dialectics, or forensic fence; nor are Judges mere umpires to enforce fair play between gladiatorial combatants at their bars, and to bestow the rewards of victory upon the shrewdest, the most eloquent, or the most skilful. Judges have affirmative duties to discharge; they are sworn to 'administer justice;' and are bound by that oath to see that justice is done.

Nevertheless, Judges should not become advocates, nor undertake the duties of a Solicitor. In doing justice, they must do it according to the rules and practice of their Courts; and, if they are in doubt, the better course is to take no step or make no order in the particular case, on their own motion,

leaving it to the party, or his Solicitor, to act, or ask the Court to act, as such party or Solicitor may deem best. A Judge should not be too indignant at what appears to be wrong, nor too enthusiastic for what appears to be right; but should keep his emotions in due subjection so that his judgment may reign supreme in a cool and serene mind.''

■ In this case there was ample material and substantial testimony to support a judgment in favor of the plaintiff and against the defendant, Cecil Searcy.

■ The fourth assignment of error complains of the action of the trial Judge in overruling defendant's motion for a new trial based upon the surprise of the defendant by the testimony of W. J. Mayes. This witness was cross-examined fully by defendant's counsel and we cannot say that the trial Judge abused his discretion in overruling this motion. See Darnell v. McNichols, 22 Tenn. App. 287, 122 S. W. (2d) 808.

It is evident from the judgment in the case that the jury believed the testimony of the plaintiff which it had a right to do and rendered a proper verdict.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of Wesley Simmons and against Cecil Searcy for $665, with interest from March 2, 1951, and the costs of the case.

Affirmed.

Felts and Hickerson, JJ., concur.

### PETITION TO REHEAR

HOWELL, J. In this case we are presented with a petition to rehear.

We have examined the petition and cannot say that any matter not considered is presented thereby. There is nothing in the record to indicate that any conduct of the trial Judge adversely affected the interests of defendant or the result of the case. The petition is dismissed with costs.

Petition dismissed.

Felts and Hickerson, JJ., concur.