McLAUGHLIN et ux. v. BROYLES et al.—255 S. W.
(2d) 1020.

Eastern Section.   November 19, 1952.

Petition for Certiorari denied by Supreme Court, February 6, 1953.

L. H. Allred, of Erwin, Simmonds & Bowman, of Johnson City, for plaintiffs in error.

H. Dennis Erwin, of Erwin, and Thomas E. Mitchell, of Johnson City, for defendants in error.

HOWARD, J.   These consolidated cases grew out of an automobile accident which occurred about 12 o'clock noon on September 18, 1950, on a curve on the Bailey Bridge Road, near the New Salem Church and Washington College, in Washington County. The motor vehicles involved in the accident were an automobile owned and operated by Alf McLaughlin, and a two-ton truck owned by M. J. Broyles and operated at the time by his nineteen year old son, Quay Broyles. Riding in the car with McLaughlin was his wife, Alice McLaughlin, who was injured in the accident. At the time of the accident the McLaughlin car was traveling in a northerly direction and had reached a point where the highway curved to the right and a gravel road led off to the left to the New Salem Church, and McLaughlin was turning or preparing to turn into the gravel road when his car and the Broyles truck, which was traveling in the opposite direction, collided only a few feet south of the center of the intersection.

According to the McLaughlins, their car was going at a very slow rate of speed, from 6 to 8 miles per hour, and was on the extreme right side of the pavement when the truck came across the road and struck the front of their car near the left headlight; that the truck was traveling from 50 to 60 miles per hour. They said that the left rear wheel of the truck ran across the front of their car and knocked it several feet toward the center of the road. They denied that they were making a left turn when the collision occurred, but admitted that this was their intention.

On the other hand young Broyles, who was riding alone, testified that the two vehicles were traveling at about the same rate of speed, 30 miles per hour, and that when he was only 30 or 40 feet away McLaughlin suddenly and without warning pulled his car to the left across the center of the road directly in front of him, and that he could not avoid the accident; that the left front of McLaughlin's car struck the left side of the truck just behind the cab with such force that the truck was overturned on its right side only seventeen feet from the point of the impact. He further testified that he first saw the McLaughlin car when it was 80 or 90 feet away, and that McLaughlin gave no signal of his intention to make a left turn.

On March 2, 1951, Alf McLaughlin and his wife filed separate actions against M. J. Broyles, Alf suing for damages to his car, personal injuries, medical expenses, and for loss of services of his wife, and his wife suing Broyles for damages for her personal injuries. Later, by proper amendment, Quay Broyles was made a party defendant to the suits.

In cross actions, M. J. Broyles sued McLaughlin for the damage to his truck, for medical expenses incurred, resulting from his son's injuries, and for loss of his son's services, and Quay Broyles, suing by his father as next friend, sued McLaughlin for damages for the personal injuries sustained as a result of the accident.

The trial of the cases resulted in jury verdicts adverse to the McLaughlins and Quay Broyles, but in the case of M. J. Broyles v. McLaughlin there was a verdict for Broyles for $1,000 for property damages. The McLaughlins filed motions for a new trial in each of the cases against M. J. and Quay Broyles, and by McLaughlin in the case in which M. J. Broyles obtained a verdict against

him. Upon these motions being overruled, this appeal in error was granted and perfected. No motion for a new trial was filed by Quay Broyles. Only the judgments rendered adversely to the McLaughlins are before this Court.

The defendants in error, M. J. and Quay Broyles, have filed a motion to strike the bill of exceptions in the cases of Alf McLaughlin v. M. J. and Quay Broyles, and Alice McLaughlin v. M. J. and Quay Broyles, because the bill of exceptions was not filed within the 60 day period from the date of the order overruling their motions for a new trial, and not within the time allowed by the trial judge. Though reluctant to do so, we are compelled to sustain this motion. It is admitted that the bill of exceptions was not filed within the time allowed.

The record discloses that the motions for a new trial in these particular cases were overruled on February 1, 1952, and the plaintiffs were allowed 60 days within which to prepare and file their bill of exceptions. The bill of exceptions was not filed until April 21, 1952, more than 20 days after the time allowed had expired. Therefore, the bill of exceptions in these cases was filed too late. The statute requiring the bill of exceptions to be signed and filed within the time allowed by order of the court is mandatory. Code 1932, Section 8820; Fletcher v. Russell, 27 Tenn. App. 44, 177 S. W. (2d) 854; Hamilton v. Wolfe, Tenn. Sup., 250 S. W. (2d) 910, 911.

This question was before our Supreme Court in the recent case of Hamilton v. Wolfe, supra, in which the Court said:

"A bill of exceptions which is not filed in the trial court within the time allowed by the order of the trial judge is not a part of the record in the trial court. In Nashville Ry. & Light Co. v. Trawick, 118

Tenn. 273, 275, 99 S. W. 695, 10 L. R. A., N. S., 191, numerous errors going to the merits and based upon the bill of exceptions were assigned, just as in the case at bar. The Court held that these assignments of error 'cannot be considered, inasmuch as the bill of exceptions is not properly a part of the record, having been filed after the time allowed by order of the trial judge when the final judgment was rendered.'

"Under all the decisions, a bill of exceptions does not become a part of the record of the trial court unless filed within the time allowed by the order of the trial judge. * * *"

■ We now take up the question of McLaughlin's appeal from the $1,000 judgment obtained by the defendant in error, M. J. Broyles. The motion for a new trial in this case was overruled on March 25, 1952, and no question is made regarding the filing of the bill of exceptions as in the other two cases. Four assignments of error have been filed in behalf of the plaintiff in error. However, it is unnecessary for us to consider but one of these assignments, as for reasons hereinafter shown, the judgment will have to be set aside and the case remanded for a new trial.

Under assignment 4 it is insisted that the trial judge did not pass upon the evidence and approve the verdict of the jury. This assignment is based upon the following statement of the trial judge made at the time of overruling the motions for a new trial:

"In these cases where the evidence is in sharp conflict the Court does not feel that he has a right to interfere with the verdict of the jury, and overrules the motions."

After carefully reviewing the authorities, we have concluded that this assignment should be sustained for the reason that it affirmatively appears that the learned trial judge did not exercise that exclusive and independent judgment required of him as the thirteenth juror.

The rule in this state is firmly established that the trial court shall exercise the function of a thirteenth juror upon hearing of a motion for a new trial; that it is his duty to weigh the evidence and independently determine therefrom whether or not it is sufficient to sustain the verdict. England v. Burt, 23 Tenn. 399; Illinois Central Railroad Co. v. Brown, 96 Tenn. 559, 35 S. W. 560; Nashville, C. & St. L. R. Co. v. Neely, 102 Tenn. 700, 52 S. W. 167; Telephone & Telegraph Co. v. Smithwick, 112 Tenn. 463, 79 S. W. 803; Carter v. Pickwick Greyhound Lines, 166 Tenn. 200, 60 S. W. (2d) 421; State ex rel. Richardson v. Kenner, 172 Tenn. 34, 109 S. W. (2d) 95; Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889; Third National Bank v. American Equitable Ins. Co., 27 Tenn. App. 249, 178 S. W. (2d) 915; Hime v. Sullivan, 188 Tenn. 605, 221 S. W. (2d) 893; Ragan v. Ezell, 166 Tenn. 212, 60 S. W. (2d) 148; Tiffany v. Shipley, 25 Tenn. App. 539, 161 S. W. (2d) 373; Barton v. Wexler, 10 Tenn. App. 19. Sound reasons for the foregoing rule are stated in Telephone & Telegraph Co. v. Smithwick, supra [112 Tenn. 463, 79 S. W. 804], as follows:

"The reasons given for the rule are, in substance, that the circuit judge hears the testimony, just as the jury does, sees the witnesses, and observes their demeanor upon the witness stand; that, by his training and experience in the weighing of testimony, and the application of legal rules thereto, he is especially qualified for the correction of any errors into which the jury by inexperience may have fallen, whereby

they have failed, in their verdict, to reach the justice and right of the case, under the testimony and the charge of the court; that, in our system, this is one of the functions the circuit judge possesses and should exercise—as it were, that of a thirteenth juror. So it is said that he must be satisfied, as well as the jury; that it is his duty to weigh the evidence, and, if he is dissatisfied with the verdict of the jury, he should set it aside."

Where the trial judge sees fit to approve a verdict without reasons, his satisfaction therewith is adequately indicated; but, if he comments thereupon, this court must determine whether or not he passed upon the issues and was satisfied or dissatisfied with the verdict. The trial judge cannot evade or avoid his duty in this respect by placing the responsibility upon the jury. Telephone & Telegraph Co. v. Smithwick, supra; State ex rel. Richardson v. Kenner, supra.

It appears from an analysis of the decisions on this subject that where it affirmatively appears, as in the present case, that the trial judge did not weigh the evidence, that our only course is to reverse and remand the case for a new trial. State ex rel. Richardson v. Kenner, supra.

For reasons indicated, an order will be entered in this court affirming the judgments in the case of Alf and Alice McLaughlin v. M. J. and Quay Broyles, and in the case of M. J. Broyles v. McLaughlin the judgment will be set aside and the case remanded for a new trial. The McLaughlins will be taxed with two-thirds of the costs incident to this appeal, and the Broyles will be taxed with the remaining one-third.

McAmis and Hale, JJ., concur.