**Robert SHIVERS, Plaintiff–Appellant,**

v.

**Stoney L. RAMSEY, John R. Carnes, Individually and John R. Carnes, d/b/a Clinton Highway Wrecker Service, Defendants–Appellees.**

Court of Appeals of Tennessee, Eastern Section.

Sept. 17, 1996.

Permission to Appeal Denied by Supreme Court Jan. 21, 1997.

James W. Varner, Jr., and Carl W. Eshbaugh, Eshbaugh, Simpson and Varner, Knoxville, for Plaintiff–Appellant.

R. Kim Burnett and Ronald C. Newcomb, Arnett, Draper and Hagood, Knoxville, for Defendants–Appellees.

## OPINION

McMURRAY, Judge.

This action arose from a motor vehicle accident that occurred on Mehaffey Road in Knox County. The case was tried before a jury and a verdict was returned in favor of the defendants. Judgment was duly entered thereon. A motion for a new trial was timely made and overruled. This appeal resulted. We affirm the judgment of the trial court.

The plaintiff presents the following issues for our consideration:

1. Was the evidence submitted in this cause sufficient to support a jury verdict of no negligence on the part of the appellee?

2. Did the evidence in this case support the trial court in giving the charge based upon the holding in *Shepherd v. Ball,* and approved in *Whitaker v. Harmon* and commonly called the "Wet Street Doctrine?"

3. Did the trial court properly exercise its rule [sic] as the "thirteenth juror" in

ruling on appellant's motion for a new trial?

▮ We first note that our standard of review is limited to a determination of whether there is any material evidence to support a jury verdict. *See* Rule 13(d), Tennessee Rules of Appellate Procedure. We would further point out, however, that this standard is not applicable unless the trial judge properly fulfills his duty as a "thirteenth juror." In this state the trial judge is the thirteenth juror and no verdict is valid until approved by the trial judge. *Mize v. Skeen,* 63 Tenn. App. 37, 468 S.W.2d 733 (1971). In this capacity the trial judge is under a duty to independently weigh the evidence and determine whether the evidence preponderates in favor of or against the verdict. *McLaughlin v. Broyles,* 36 Tenn.App. 391, 255 S.W.2d 1020 (1952); *Tiffany v. Shipley,* 25 Tenn. App. 539, 161 S.W.2d 373 (1941).

▮ If in discharging his duty as thirteenth juror, the trial judge makes comments that indicate that he has misconceived his duty or clearly has not followed it, this court must reverse and remand the case for a new trial [the material evidence rule notwithstanding]. *See Nashville, C. & St. L.R.R. v. Neely,* 102 Tenn. 700, 52 S.W. 167, 168 (Tenn. 1899); *Holden v. Rannick,* 682 S.W.2d 903 (Tenn.1984).

In the order overruling the motion for a new trial the trial court expressly stated that "the court finds that the evidence in this case did not preponderate against the jury's finding that defendant Ramsey was not negligent and in its capacity as 'thirteenth juror' approves the jury verdict in favor of the defendants in all respects."

▮ The plaintiff insists, however, that the trial judge's comments from the bench when *ruling on the motion for a new trial* demonstrated that he misconceived his duty as the thirteenth juror. We find no merit in this insistence. The record reflects that the trial judge repeatedly stated that his duty was to weigh the evidence and to determine if it preponderated against the verdict. It is true that there was extensive discussion between counsel and the trial judge concerning the judge's duty. It appears that counsel, rather than the judge, misconceives the duty of the trial judge.

In the transcript of the hearing, we find the following colloquy between the court and counsel:

THE COURT: My function as the thirteenth juror is to review this evidence and see whether the evidence preponderates against the verdict. I know there's always stuff floating around out there in those appellate opinions about am I uncomfortable with it. Well, just to put everybody at rest, I'm not uncomfortable with it. I think this is precisely a case for this jury to decide, and the evidence here does not preponderate against the verdict. Just because there's a question of fact don't [sic] mean I have to be uncomfortable with it.... If that was the case, nobody would ever be entitled to a jury trial, or in rare cases would be. No, I approve this verdict in all respects as the thirteenth juror.

MR. VARNER: Well, if I may, your honor, it appears to me that your honor is saying that your role as the thirteenth juror is to determine whether or not the evidence preponderates against the verdict. And I believe I am correct in stating that that's not what the court—that's not what the Supreme Court has said that your role is as the thirteenth juror.

The plaintiff insists that the trial judge's remarks considered as a whole indicate that the trial judge indicated that he would have deferred to the jury verdict had the case been resolved in favor of the plaintiff. We cannot read such an indication into the statements of the trial judge. Clearly, in trying to explain to counsel the duty of the trial judge, the judge simply pointed out that there was evidence from which the jury could have resolved the case in favor of either side. This is not to say that the trial judge would have resolved the issue of the preponderance of the evidence differently had the plaintiff prevailed.

Plaintiff insists that this case is similar to *Holden v. Rannick,* supra. In *Holden,* the trial court stated that "[t]he court ... does not substitute its judgment for that of the plaintiff [sic] I would just as readily have agreed with the verdict the other way. The verdict neither way would have shocked the court frankly. I thought the issues were fairly put to the jury. .... The court reversed stating: 'Although the trial judge said that he agreed with the verdict for the defendant, he would also have agreed with a verdict for the plaintiff. That position is inconsistent with his duty to weigh the evidence and pass on the issues. ....'" Simply stated, we do not have such a situation here as in *Holden.* In this instance, the sum and substance of the trial court's remarks that the plaintiff would have us take in the context of *Holden* is that there was ample evidence for the case to go to the jury. We find no merit in this issue.

██ We will next look to the plaintiff's charge that the verdict is not supported by any material evidence. If there are disputed facts or inferences from disputed facts upon which reasonable minds could differ, then it is a proper case for trial by jury, otherwise, one of the parties is entitled to judgment as a matter of law. "It is only when the evidentiary facts are undisputed and no conflicting inferences respecting the ultimate fact can be drawn therefrom that the question becomes one of law for this Court." *Anderson v. Dean Truck Line,* 682 S.W.2d 900 (Tenn. 1984). In this case, we are persuaded that this was a proper case for submission to the jury.

Few material facts are in dispute, however, there is room for reasonable minds to differ on the inferences that may be drawn therefrom. On the evening of the accident and while en route home, the plaintiff experienced a breakdown of his vehicle. The defendant wrecker service was summoned and it was decided that the plaintiff's vehicle would be towed by the defendant wrecker service to the plaintiff residence. The plaintiff accompanied the wrecker driver as a passenger in the wrecker to give directions. Mehaffey Road is a curvy, narrow, two-lane paved road. As the tow truck and vehicle in tow proceeded down Mehaffey Road, they approached a curve. At the curve the truck slid to the right and the defendant driver lost control of the vehicle. The speed at which the vehicle was traveling at the time of the accident was in dispute.[1] The road conditions were wet. There was no direct evidence as to the cause of the accident. The jury was left to infer from the speed, conditions of the roadway, the driver's supposed familiarity with the road and the maxim of *res ipsa loquitur,* that the defendant was negligent in failing to reasonably keep his vehicle under proper control. The jury refused to do so. In its verdict, the jury specifically found that the defendant was not negligent.

It would appear that this is a case where *res ipsa* is particularly suited to a motor vehicle accident. We must therefore examine the effect of the application of the maxim of *res ipsa* to the case at hand.

We find a striking similarity in this case and the case of *Sullivan v. Crabtree,* 36 Tenn.App. 469, 258 S.W.2d 782 (1953). In *Sullivan,* the plaintiff's decedent was riding as a passenger in a truck that swerved off the highway and overturned down a steep embankment. The defendant driver was unable to give a cause of the accident. The plaintiffs contended that the facts of the case brought it within the rule of *res ipsa loquitur,* requiring a finding of negligence, in the absence of an explanation disproving negligence. Since there was no such explanation, and since the defendant did not know why he lost control of the truck or what caused the accident, the jury was bound to find that it was caused by his negligence and could not reasonably render a verdict in his favor.

In responding to the plaintiff's argument, the court stated:

> While we agree that these facts made a case of *res ipsa loquitur,* we do not agree that they, though unexplained required an

---

1. There is conflicting testimony as to the speed the wrecker was traveling, varying from 40 miles per hour to 20 miles per hour.

inference or finding of negligence, or that the jury could not reasonably refuse to find negligence and return a verdict for defendant, or that there was no evidence to support their verdict for him.

*Sullivan,* supra, 258 S.W.2d at p. 784.

 It appears to be well-settled that the application of *res ipsa loquitur* is "merely a way of presenting a piece of substantive evidence of negligence. It rescues a plaintiff from the predicament of having no evidence of negligence to support his case." *Provident Life & Accident Ins. v. Professional Cleaning Service,* 217 Tenn. 199, 396 S.W.2d 351 (1965). The doctrine of *res ipsa loquitur* is one of evidence and not of substantive law. *Quinley v. Cocke,* 183 Tenn. 428, 192 S.W.2d 992 (1946). The maxim of *res ipsa loquitur* means that the facts of the occurrence evidence negligence and that the circumstances, unexplained, justify an inference of negligence. This principle of proof, applied to a case of *res ipsa,* does not differ from an ordinary case of circumstantial evidence. A *res ipsa* case is a circumstantial evidence case which permits the jury to infer negligence from the mere occurrence of the accident itself. *It warrants an inference of negligence which a jury may draw or not draw as its judgment dictates.* (Emphasis added). *See Lassetter v. Henson,* 588 S.W.2d 315 (Tenn.App.1979).

It appears that in this case that the jury may well have been justified in drawing an inference that the plaintiff's injuries were a result of the defendant driver's negligence. The jury, however, was not required to and declined to do so. We find no merit in the plaintiff's challenge to the jury's finding that there was no negligence on the part of the defendant.

The plaintiff's last issue challenges the propriety of the trial court's charge relating to "wet streets." It is a well-settled principle of law that negligence cannot be implied simply from skidding. *Shepherd, b/n/f v. Ball,* 47 Tenn.App. 189, 337 S.W.2d 243 (1959). This principle of law has given rise to a concept which has been referred to as "the wet street doctrine." We decline to elevate the "wet street" concept to the status of a doctrine but to simply state it as a rule

of law. The rule is: It is a well-settled principle of law that negligence cannot be implied simply from skidding. *Shepherd, b/n/f v. Ball,* 47 Tenn.App. 189, 337 S.W.2d 243 (1959). In the absence of antecedent negligence or negligence in the operation of the car after it has skidded, liability of the host driver to a guest passenger can not be predicated solely on skidding on a wet or slippery road. *Hatch v. Brinkley,* 169 Tenn. 17, 80 S.W.2d 838 (1935); 5A Am.Jur. 545, Automobiles and Highway Traffic, Section 501; Annotation 113 A.L.R. 1037; *Shepherd,* supra 337 S.W.2d at 244.

It appears to us that the "wet street" concept, except as to the rule that liability cannot be predicated solely on skidding on a wet or slippery road, is of little value to the jury in making a determination of whether there was or was not negligence on the part of a party. Before a party can be found guilty of negligence which was a proximate cause of injuries, it must be demonstrated that a defendant was guilty of negligence either before (precedent) or after (antecedent) the occurrence of the event which gave rise to the plaintiff's injuries. The "wet street rule" may be viewed in the same light as "the unavoidable accident" principle. In sum and substance, if there is no negligence on any party which is a proximate cause of the accident and injuries in question, the label applied to the rule of law is of little significance.

In this case, the court charged the jury as follows:

Now, the driver of an automobile has a duty to exercise reasonable care to observe slippery road conditions that may exist on the highway, and he must exercise reasonable care to avoid losing control of his vehicle when slippery conditions are encountered. If a driver exercises reasonable care before encountering slippery conditions which causes him to slide or skid and he exercises reasonable care to control and operate his vehicle after it begins to skid or slide, he is not guilty of negligence merely because the vehicle skids or slides out of control.

We find the court's charge to the jury to be an accurate statement of the law. Under the circumstances of this case, we are of the opinion that the charge was properly given. Assuming, for sake of discussion, however, that the charge was not warranted by the evidence, it is difficult to see how the plaintiff could have been prejudiced by the charge as given. We find no merit in this issue.

The judgment of the trial court is affirmed in all respects. Costs are taxed to the appellant and this cause is remanded to the trial court for the collection thereof.

GODDARD, P.J., concurs in part and dissents in part.

SUSANO, J., concurs.

GODDARD, Presiding Judge, concurring in part and dissenting in part.

I concur with the majority opinion as to all issues raised in this appeal, except the third one relating to the Trial Judge's role as a Thirteenth Juror.

Some 20 years ago Judge McAmis, in *Sherlin v. Roberson*, 551 S.W.2d 700, 701 (Tenn.App.1976), wrote a classic statement of the trial court's duty as a thirteenth juror, which, as pertinent to the third issue raised in this appeal, stated the following:

> The ... remarks of the judge make it appear he disassociated himself from the deliberative process which is the peculiar and exclusive province of the jury of which the presiding judge is as much a member as jurors sitting in the jury box. Indeed, it must be said that, by reason of his training as a lawyer and his experience in weighing testimony, he is the most important member of the jury.

It is my view that in this case, which resulted in a verdict in favor of the Defendants, the Trial Judge misapprehended his duty, in that his function was not to review the evidence to see whether it preponderated against the verdict, but rather to review the evidence and see if it preponderated in favor of the verdict.

I accordingly would vacate the judgment and remand the case for a new trial.