# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**September 17, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| ROBERT C. JONES, | ) | 01A01-9901-CV-00019 |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | Appeal As Of ~~Right From The~~ |
| | ) | WARREN CO. CIRCUIT COURT |
| v. | ) | |
| | ) | |
| | ) | |
| RANDY LEE PEARL, | ) | JUDGE CHARLES D. HASTON |
| | ) | |
| Defendant-Appellee. | ) | |

**For the Appellant:**                                    **For the Appellee:**

KEITH S. SMARTT                                    BYRAN ESSARY
McMinnville, Tennessee                             Nashville, Tennessee


                                                   EDWARD A. HADLEY
                                                   Nashville, Tennessee


AFFIRMED & REMANDED                                              Swiney, J.


## OPINION

This litigation arises out of a motor vehicular accident in Warren County, Tennessee. Plaintiff-Appellant, Robert C. Jones ("Plaintiff"), was driving a pick up truck with an attached trailer, and the Defendant-Appellee, Randy L. Pearl ("Defendant"), was operating a tractor trailer when the trucks collided. The jury returned a verdict apportioning one hundred percent of the neligence to Plaintiff. Plaintiff's motion for a new trial was denied by the Trial Court. The issues to be addressed in this Opinion are: (1) whether the Trial Judge applied the correct standard of review in his role as the thirteenth juror in denying the Plaintiff's motion for new trial, and (2) if the answer

1

to issue number one is yes, is the jury's verdict supported by material evidence? For the reasons herein stated, we affirm the judgment of the Trial Court.

## FACTS

On October 2, 1995, at approximately 6 a.m., with visibility of 200 ft., Plaintiff was driving his pickup truck in Warren County, Tennessee. Defendant was driving a tractor trailer with a top heavy load which required that he drive below the speed limit and come to an almost complete stop before making any turn. Both vehicles were eastbound on Highway 70S which had two lanes eastbound, two westbound, and one center lane for turning. Defendant's tractor trailer, 65 feet long, was in front of Plaintiff's truck. Defendant was turning right into a hospital driveway 16 feet wide. Plaintiff saw the Defendant's truck turning right into the hospital driveway and tried to stop, leaving skid marks of 118 feet. Plaintiff was unable to stop his truck which hit the rear right side of Defendant's tractor trailer and slid down the right side of the trailer. Both vehicles sustained extensive damage. Plaintiff sustained $2,500 in medical expenses and his orthopedic physician assessed 25% permanent partial disability to the right upper extremity and opined he could no longer work as a concrete finisher.

## DISCUSSION

It is necessary that we first address whether the Trial Judge appropriately discharged his duty as the thirteenth juror in denying Plaintiff's motion for a new trial. The answer to that issue is yes.

Plaintiff contends that the Trial Judge did not apply the appropriate standard in denying Plaintiff's motion for a new trial. Plaintiff argues that the Trial Judge commented that he would not disturb the jury verdict unless he was convinced that the jury had acted arbitrarily or capricious in arriving at its decision. In support of this position, Plaintiff relies upon the following statement made by the Trial Judge after Plaintiff's argument on his motion for a new trial:

> Thank you. Mr. Smartt, everything you've argued are pure factual issues which were argued before the jury and presented to them and the only time that I am inclined or prompted to intervene with a jury's decision is if I am shown that they acted capriciously or arbitrarily and I don't see that here, Mr. Smartt. It seems to me like the jury just would not buy your theory or your argument as well as it was delivered. This is purely a question of fact for the jury and that's what they're there for. I don't think the fact in and of itself that they find absolutely no contributory negligence - that's what we used to call it - on behalf of one of the parties involved in and of itself indicates to me the jury acted arbitrarily or without fully considering all the facts. They just did not buy your theory. I overrule your motion and let it stand. Anything further?

2

If this were the end of the story, Plaintiff's position on this issue would be a strong one. The weakness in Plaintiff's argument is that the Trial Judge made additional comments concerning his review and determination of Plaintiff's motion for new trial. Specifically, the Trial Judge responded to a question asked by Defendant's attorney as follows:

> Mr. Essary:    If I can have an expressed finding on the record, your Honor, that you've independently reviewed the evidence and approved  their verdict.
>
> The Court:     Yes, sir.  I have.  I have made an independent examination of the evidence presented and conclude that it preponderates in favor of the verdict from the jury and consequently overrule the motion.  I believe that's the correct language.
>
> A Tennessee trial judge has a required duty to serve as the thirteenth juror.
>
> In this state the trial judge is the thirteenth juror and no verdict is valid until approved by the trial judge. *Mize v. Skeen*, 63 Tenn. App. 37, 468 S.W.2d 733 (1971).  In this capacity the trial judge is under a duty to independently weigh the evidence and determinine whether the evidence preponderates in favor of or against the verdict. *McLaughlin v. Broyles,* 36 Tenn. App. 391, 255 S.W.2d 1020 (1952); *Tiffany v. Shipley*, 25 Tenn. App. 539, 161 S.W.2d 373 (1941).
>
> If in discharging his duty as thirteenth juror, the trial judge makes comments that indicate that he has misconceived his duty or clearly has not followed it, this court must reverse and remand the case for a new trial [the material evidence rule notwithstanding]. *See Nashville, C & St. L.R.R. v. Neely*, 102 Tenn. 700, 52 S.W. 167, 168 (Tenn. 1899); *Holden v. Rannick*, 682 S.W. 2d 903 (Tenn. 1984).
>
> In the order overruling the motion for a new trial the trial court expressly stated that "the court finds that the evidence in this case did not preponderate against the jury's finding that defendant Ramsey was not negligent and in its capacity as 'thirteenth juror' approves the jury verdict in favor of the defendants in all respects."
>
> The plaintiff insists, however, that the trial judge's comments from the bench when ruling on the motion for a new trial demonstrated that he misconceived his duty as the thirteenth juror.  We find no merit in this insistence.  The record reflects that the trial judge repeatedly stated that his duty was to weigh the evidence and to determine if it preponderated against the verdict.

*Shivers v. Ramsey*, 937 S.W.2d 945, 947 (Tenn. App. 1996).

This was further refined by the Tennessee Supreme Court in a recent decision when it stated that "[a]s the thirteenth juror, the trial court must grant a new trial if the verdict is contrary to the weight of evidence. Tenn. R. Civ. P. 59.06." *Turner v. Jordan,* 957 S.W.2d 815, 823 (Tenn. 1997).  If, as happened here, a trial court does make comments in fulfilling its role as the thirteenth juror, the Appellate Court must examine those comments, but ". . .only for the purpose of determining whether the trial court properly reviewed the evidence, and was satisfied or dissatisfied with the verdict." *Miller v. Doe*, 873 S.W. 2d 346, 347 (Tenn. App. 1993).

The Trial Judge's comment here that he was inclined to intervene with the jury's decision only if he were shown that the jury acted capriciously or arbitrarily does not correctly describe his role as the thirteenth juror. If this were the only statement of the Trial Judge in the record relevant to this issue, this Court would be compelled to find that the Trial Judge had misconceived his duty as the thirteenth juror. However, that is not all we have before us.

Defendant's attorney apparently realized the potential problem with the Trial Judge's statement concerning his inclination and the jury's not having acted capricously and arbitrarily and took action to correct any problem by asking the Trial Judge the question and receiving the answer as set forth earlier in this Opinion. The Trial Judge's response to that question was clear and unequivocal that he had made an independant examination of the evidence and concluded that it preponderates in favor of the jury verdict.

While the Trial Judge's statement concerning his normal inclination as to when to intervene or not to intervene with a jury's decision is troublesome, it is not what is at issue. What is at issue is what did the Trial Judge do in this case, not what his usual inclination is or is not.

This Court's role is to examine all the comments of the Trial Judge to determine whether he properly reviewed the evidence and was satisfied or dissatisfied with the verdict. *Miller* at 347. The Trial Judge's later specific statement that he had made an independent examination of the evidence presented and concluded that it preponderated in favor of the verdict states what was required of him as the thirteenth juror. Taken as a whole, the Trial Judge's remarks do not show that he misconstrued his duty as the thirteenth juror, but instead show that he fullfilled that duty. The Trial Judge's comments, all of them taken together, clearly show that the Trial Judge did weigh the evidence independently, pass upon the issues, and decide that the verdict was supported by the evidence, all as required of him to satisfy his obligations as the thirteenth juror. *See Ladd v. Honda Motor Co. LTD.* 939 S.W.2d 83, 105 (Tenn. App. 1996). Plaintiff's argument that the Trial Judge failed to perform his duties as the thirteenth juror is without merit.

We now turn to the next issue raised by Plaintiff, was the jury verdict against the weight of the evidence. Since we have determined that the Trial Judge properly fulfilled his duty as the thirteenth juror, our standard of review is limited to a determination as to whether there is any material evidence to support the jury verdict. *See Turner* at 824; *Shivers* at 947; see Rule 13(d) T.R.A.P.

4

In the record before us, there is material evidence to support the jury's verdict. The evidence in this record is that the Defendant, in turning off the highway into the hospital driveway, had limited choices. There is evidence in the record that it was necessary for the Defendant to bring his truck to a complete or near complete stop before making the turn to avoid turning the trailer over. There is evidence in the record that the Defendant turned his blinker on, checked his mirror for traffic approaching from behind, did not see any headlights or any other signs of traffic, and then began his right turn into the hospital entrance. Defendant testified that this was the only way he could make the right turn from the highway into the hospital entrance because of the size of his tractor trailer. The record also contains evidence that this was the only access available to the hospital for the Defendant. Evidence in the record shows that Plaintiff's truck left skid marks of 118 feet up to the point of impact of his truck with Defendant's truck. Further, there was evidence that even after the Plaintiff's pickup truck struck the Defendant's vehicle, it continued down the side of the Defendant's tractor trailer causing substantial damage to the trailer. While there may be other evidence in the record that supports Plaintiff's claim, certainly there is material evidence to support this jury verdict. Plaintiff's argument on this issue is without merit as well.

We considered an additional issue presented by Plaintiff. We conclude that this additional issue lacks merit and no discussion is warranted, given our ruling on the other issues.

### CONCLUSION

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for such further proceedings, if any, as may be required consistent with this Opinion, and for the collection of the costs below. Costs on appeal are adjudged against the Plaintiff-Appellant.

_____
D. MICHAEL SWINEY, J.

5

**CONCUR:**

_____
HOUSTON M. GODDARD, P.J.


_____
HERSCHEL P. FRANKS, J.

6