IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2008 Session

## LEITHA C. PERKINS and ROBERT L. PERKINS
v.
## BIG LOTS STORES, INC.

Appeal from the Circuit Court for Shelby County
No. CT-000434-05    Rita L. Stotts, Judge

No. W2007-02809-COA-R3-CV - Filed May 20, 2009

This is a slip-and-fall case. The plaintiff tripped on a floor mat and fell as she was entering the defendant's store. A store security video showed that the corner of the floor mat was overturned by another customer twenty-one seconds before the plaintiff fell. At the time that the corner of the mat became furled, the assistant store manager was at the service desk several feet from the entrance. He denied seeing the overturned mat. The plaintiff sued the store, alleging negligence in allowing a dangerous condition to persist and in failing to warn the plaintiff of it. After the trial, the jury found that the defendant store was eighty percent at fault and that the plaintiff was twenty percent at fault. The defendant store filed a motion for a new trial, alleging juror misconduct based on comments by jurors to the attorneys. The store also contended that the evidence showed that it did not have actual or constructive notice that the corner of the mat had become folded over. Finally, the store maintained that no reasonable jury could find that the plaintiff was less than fifty percent at fault for her own injuries. The trial court denied the motion and the defendant appeals. We reverse, finding no material evidence to support the jury's verdict, and dismiss the case.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Reversed
and the Case is Dismissed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Reba Brown, Joseph M. Huffaker, Samuel L. Jackson, and Mary Beth Haltom, Nashville, Tennessee, for the Defendant/Appellant Big Lots Stores, Inc.

Richard L. Rikard, Germantown, Tennessee, for the Plaintiffs/Appellees Leitha C. Perkins and Robert L. Perkins

# OPINION

## FACTS AND PROCEDURAL HISTORY

In this slip-and-fall case, the incident at issue was captured on a store security video. The video camera was located inside the front entrance of the Defendant/Appellant Big Lots store on Austin Peay Highway in Memphis, Tennessee. On January 31, 2004, it showed unidentified shoppers entering the store; one customer pushing a shopping cart over a mat on the floor just inside the entrance inadvertently overturned a corner of the mat, leaving the corner furled over. As this occurred, the store's assistant manager, Jesse Smith ("Mr. Smith"), was at the service desk near the front entrance, processing a return for a customer. Twenty-one seconds after the corner of the mat was turned over, Plaintiff/Appellee Leitha C. Perkins ("Mrs. Perkins") entered the Big Lots store. Mrs. Perkins was seventy-one years old and used a cane to walk, due to a knee condition. As she entered the store, she tripped on the furled corner of the mat and fell to the floor. Mrs. Perkins sustained physical injuries in the fall.

Mrs. Perkins filed a lawsuit against Big Lots. The complaint asserted that the folded over mat was a dangerous condition and that Big Lots either knew, or should have known, about the condition. Mrs. Perkins alleged that Big Lots was negligent by, *inter alia*, allowing the condition to persist and in failing to warn her of it.[1]

The jury trial began on May 14, 2007. The first witness was Mrs. Perkins. She testified that, prior to the accident, she had never been to the Big Lots store in question. She said that her right foot caught a turned up portion of the entry mat as she entered the store, and she tripped and fell. She wore her glasses but had no vision problems, and the store lighting was adequate. The mat was black and the floor was white. There was nothing blocking Mrs. Perkins' view of the mat.

Mrs. Perkins said that she was not looking at the mat or the floor as she entered the store, and that she did not see the folded over portion of the mat as she walked across it. She asserted that the folded over portion of the mat was in plain view of the store employees near the front entrance.

Assistant Manager Smith, testified that, at the time of the accident, he was processing a return for a customer at the service desk located in the front of the store, near the entrance, approximately five or six feet away from the entry mat. He said that he did not see the folded over portion of the mat before Mrs. Perkins fell, and that he did not see Mrs. Perkins fall. Mr. Smith was the only Big Lots employee in the area at the time.

---

[1]The lawsuit was also filed by Mrs. Perkins' husband, Robert L. Perkins, claiming loss of consortium. At the close of the plaintiff's proof, the trial court granted Big Lots' motion for a directed verdict as to Mr. Perkins' loss of consortium claim. Mr. Perkins did not appeal the grant of the directed verdict, and his claim is not at issue in this appeal.

Asked about Big Lots' safety policies, Mr. Smith testified that Big Lots has a written policy, which was admitted into evidence, that floor mats are to be kept flat. He acknowledged that the reason for the policy is to prevent someone from tripping on a mat.

Another Big Lots employee authenticated the store video of the accident. The employee verified that the video recorded what occurred in real time, and that only twenty-one seconds had elapsed from the time that the unidentified customer turned over the corner of the mat until Mrs. Perkins tripped and fell. The video of the incident was played for the jury repeatedly.

The jury found both Big Lots and Mrs. Perkins to be at fault, attributing eighty percent of the fault to Big Lots and twenty percent to Mrs. Perkins. The jury found that Mrs. Perkins sustained damages in the amount of $400,000, and the trial court entered a judgment for Mrs. Perkins in the amount of $320,000, reflecting a reduction for her percentage of liability.

After the jury had rendered its verdict, the trial court permitted the attorneys to discuss the case with any willing jurors. Two jurors who were willing to talk to the attorneys were Karen Moore ("Ms. Moore") and Judith Silver ("Ms. Silver"). During the conversation, juror Moore asked a Big Lots attorney whether he would have struck her from the jury had she told him during *voir dire* that she had been a plaintiff in a class action lawsuit against a pharmaceutical company. Juror Silver told the attorneys that, during the trial, she and some other jurors went to a restaurant for lunch and she tripped on a floor mat that was similar to the mat involved in this case. Ms. Silver then added, "That did it for me."

On June 25, 2007, Big Lots filed a motion for a new trial based on alleged misconduct of jurors Moore and Silver. The motion also asserted that the verdict was against the greater weight of the evidence, in that Mrs. Perkins introduced no evidence that Big Lots knew or should have known of the condition of the mat. Big Lots claimed that no reasonable juror could have found that Mrs. Perkins was less than fifty percent at fault for her injuries.

The hearing on the motion for a new trial was held on November 9, 2007. The trial court denied the motion for a new trial in an order filed on December 5, 2007. Big Lots then filed a timely notice of appeal.

### ANALYSIS

On appeal, Big Lots raises two issues. First, Big Lots argues that the trial court abused its discretion in denying its motion for a new trial on the ground of juror misconduct. Second, Big Lots contends that the trial court abused its discretion in denying Big Lots' motion for a new trial on the ground that the verdict was against the greater weight of the evidence.

We first address Big Lots' argument that "the trial court abused its discretion in denying [Big Lots'] motion for a new trial because the verdict was against the greater weight of the evidence." This statement of the issue requires us to clarify the appropriate standard of review.

Big Lots cites caselaw stating that, in a jury trial, sitting as the "thirteenth juror," the trial judge has a duty to independently weigh the evidence, and determine whether the evidence

preponderates in favor of the jury's verdict. *See Newcomb v. Kohler Co.*, 222 S.W.3d 368, 401 (Tenn. Ct. App. 2006) (citation omitted). Big Lots implies from this caselaw that our duty on appeal is to ascertain whether the trial court correctly weighed the evidence in his or her function as the thirteenth juror.

If an issue is raised on appeal regarding whether the trial judge performed his duty as the thirteenth juror, we look at whether the trial judge made statements indicating that he was dissatisfied with the verdict, that he did not understand that he was to independently weigh the evidence, or that he chose not to do so. *See Dickey v. McCord*, 63 S.W.3d 714, 719 (citing *Miller v. Doe*, 873 S.W.2d 346, 347 (Tenn. Ct. App. 1993)). Only then will this Court reverse the lower court's judgment and order a new trial. *Id.* In this case, Big Lots does not claim that the trial court failed to independently weigh the evidence or that the trial court approved the verdict despite being dissatisfied with the jury's decision.

"If a trial court properly performs its duty as thirteenth juror, we are limited to a determination of whether there is any material evidence in the record to support the jury's verdict." *Newcomb*, 222 S.W.3d at 401 (citing *Shivers v. Ramsey*, 937 S.W.2d 945, 947 (Tenn. Ct. App. 1996)). If the verdict is supported by material evidence, we must affirm the judgment. *Overstreet v. Shoneys, Inc.*, 4 S.W.3d 694, 718 (Tenn. Ct. App. 1999) (citing *Reynolds v. Ozark Motor Lines, Inc.*, 887 S.W.2d 822, 823 (Tenn. 1994)). In applying the "material evidence" standard, this Court must "(1) take the strongest legitimate view of all the evidence in favor of the verdict; (2) assume the truth of all evidence that supports the verdict; (3) allow all reasonable inferences to sustain the verdict; and (4) discard all [countervailing] evidence." *Barnes v. Goodyear Tire & Rubber Co.*, 48 S.W.3d 698, 704 (Tenn. 2000) (citing *Crabtree Masonry Co. v. C & R Constr., Inc.*, 575 S.W.2d 4, 5 (Tenn. 1978)).

In light of this standard of review, we consider Big Lots' argument that there was no evidence that it knew or should have known of the furled condition of the mat at the time Mrs. Perkins fell. *See Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)). Here, in view of the video of the incident, it is undisputed that the corner of the mat was turned over by an unidentified shopper as he passed over the mat with a shopping cart. It is undisputed that a mere twenty-one seconds elapsed from the time the unidentified customer turned over a corner of the mat until Mrs. Perkins tripped on it and fell. Because of the short amount of time that passed from the furling of the mat to Mrs. Perkins' fall, we do not believe that there was material evidence to support a finding that Big Lots had constructive notice or "should have known" of the condition of the mat. Therefore, we review the record for material evidence to support a finding that, at the time Mrs. Perkins fell, Big Lots had actual knowledge that the corner of the mat was folded over.

At the trial, the Big Lots assistant manager, Mr. Smith, testified that he did not know that the corner of the floor mat was folded over until after Mrs. Perkins fell. Mrs. Perkins had no information indicating that any Big Lots employee knew that the corner of the mat was furled. The only remaining evidence is the Big Lots surveillance video, which was made an exhibit at trial and shown to the jury several times.

The store video shows the corner of the floor mat being turned over by an unidentified customer at 10:10:51. Mr. Smith is shown at the customer service counter a few feet from the entrance, helping a customer, facing the camera. The quality of the video is quite poor; the general position of Mr. Smith's body and head can be determined, but his face and eyes cannot be seen. Behind the service counter at 10:10:53, Mr. Smith's head moves briefly in the general direction of the front entrance, and then immediately back toward his customer. Mr. Smith continues helping the customer at the service counter as Mrs. Perkins comes in the front entrance, and at 10:11:12, she trips on the folded-over corner of the mat and falls to the floor. From the time Mr. Smith's head turned in the direction of the front entrance until Mrs. Perkins fell, a total of nineteen seconds elapsed.

Is this "material evidence" to support the jury's finding that Mr. Smith in fact looked at the front entrance, saw the furled corner of the floor mat, and had time to either go fix the mat flat on the floor or warn Mrs. Perkins? Although we are compelled on appeal to "take the strongest legitimate view" of the evidence and to "allow all reasonable inferences to sustain the verdict," *Barnes*, 48 S.W.3d at 704, we must find that the video fails to meet the level of "material evidence" to support a finding by the jury that Mr. Smith actually saw the furled mat and had time to either fix it or warn Mrs. Perkins to avoid it. The most that can be determined from the video is that, for a split second, Mr. Smith's head turned in the general direction of the front entrance; it is impossible to determine whether he saw the furled floor mat. Given the poor quality of the video, the jury's conclusion could only have been based on "speculation, guesswork and conjecture." *Hampton v. Wal-Mart Stores, Inc.*, No. E2004-00401-COA-R3-CV, 2004 WL 2492283, at *3 (Tenn. Ct. App. Nov. 5, 2004). Because the surveillance video is the only evidence that Big Lots had actual notice of the furled condition of the mat, we must conclude that there was no material evidence to support the jury's verdict. This holding pretermits all other issues raised on appeal.

The judgment of the trial court is reversed and the case is dismissed. Costs of this appeal are taxed to the appellees Leitha C. Perkins and Robert L. Perkins, for which execution may issue if necessary.

_____
HOLLY M. KIRBY, JUDGE